**Diane M. PLACE, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, H. E. W., et al.,
Defendant-Appellee.**

No. 73–2037.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 11, 1974.

Decided May 15, 1974.

Irving M. Stahl, Detroit, Mich., on brief for appellant.

Gwenn L. Carr, Detroit, Mich., for appellee; Ralph B. Guy, Jr., U. S. Atty., Gwenn Brown, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CONTIE,* District Judge.

CONTIE, District Judge.

The plaintiff-appellant, a female employed in the Pure Food and Drug Administration, filed a complaint in Federal District Court on September 13, 1972, alleging she was discriminated against because of her sex in the following respects:

(a) Her request for promotion had not been acted upon as rapidly as those of men similarly situated;

(b) She was being denied administrative leave of compensatory time for attending graduate level classes for job-related training while men similarly situated were granted such time;

(c) She was being denied compensatory leave or overtime pay for work accomplished outside of official duty hours while men similarly situated were granted such time; and

(d) She was unable to obtain details within her agency for the purpose of on-the-job training and for the purpose of advancement, although male employees had obtained such information.

Previously, plaintiff-appellant had filed a formal complaint with defendant-appellee Equal Employment Opportunities Commission (hereinafter E.E.O.C. or defendant-appellee) on September 24, 1971. Said administrative complaint was denied for failing to show discrimination. An appeal was taken to the Board of Appeals and Review, which affirmed the findings of the E.E.O.C., said affirmation being made after the date of the adoption of Title 42 U.S.C. § 2000e-16(c). Plaintiff thereafter filed the instant cause of action in District Court.

Plaintiff-appellant asserts that her federal court action is brought pursuant to Title 42 U.S.C. § 2000e-16(c) which was enacted March 24, 1972, approximately six months after the filing of the formal administrative complaint. The United States District Court was thus confronted with a complaint filed after the enactment of § 2000e-16(c), but resulting from a formal administrative complaint which was filed before said enactment.

It is the claim of the plaintiff-appellant that jurisdiction of the federal court claim is based upon Title 42 U.S.C. § 2000e-16(c) and/or on Executive Order 11478.

Defendant-appellee, asserting that the federal court did not have jurisdiction under either § 2000e-16(c) or the Executive Order, filed a motion to dismiss or in the alternative for summary judgment in the district court. On July 5, 1973, the United States District Court sustained defendant-appellee's motion for summary judgment. The District Court determined that the defense of sovereign immunity was applicable and that Title 42 U.S.C. § 2000e-16(c) did not apply retroactively. The Court further found that Executive Order 11478 did not give plaintiff-appellant subject matter jurisdiction. In argument before this Court plaintiff-appellant contends that Title 42 U.S.C. § 2000e-16(c) should be applied retroactively.

The District Court characterized Title 42 U.S.C. § 2000e-16(c) as the creation of new rights formerly barred under the doctrine of sovereign immunity. Plaintiff-appellant asserts that in view of the facts that the E.E.O. Act of 1972 does not contain a statement as to how said Act should be applied and since the purpose of the Act is remedial in nature, said Act should therefore be given retroactive effect. In the alternative, plaintiff-appellant contends that the District

---

* The Honorable Leroy J. Coutie, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Court has jurisdiction of her claim by reason of the Civil Rights Act of 1964. In support of this alternative claim the plaintiff-appellant cites the case of Davis v. Washington, 352 F.Supp. 187 (Dist.Ct.D.C.1972).

■ This Court first notes that the Civil Rights Act of 1964 did not grant the courts jurisdiction over litigation involving federal employees.

■ Further, the *Davis* case is totally distinguishable. In that case the District Court for the District of Columbia was attempting to determine whether a police force promotional test was discriminatory in effect. The court therein stated that:

"While, strictly speaking, the claims raised here by plaintiffs against these governmental employers were not governed by Title VII of the 1964 Civil Rights Act until it was recently amended,* the Court, as the parties basically agree, looks to the Act . . . for guidance as to the constitutional constraints on a public employer."

We agree that the claims raised by plaintiff-appellant are not governed by Title VII of the Civil Rights Act of 1964.

We also agree that the *Davis* case does not stand for the proposition that Title VII grants federal courts jurisdiction in sex discrimination cases. A careful reading of that case indicates that the court therein did not find jurisdiction under either Title VII of the Civil Rights Act or the E.E.O. Act of 1972. Rather, that court determined that having taken jurisdiction, it would look to the above mentioned acts for guidance and guidelines. Davis v. Washington, *supra,* at 191. Thus, we conclude that the *Davis* case is distinguishable and that the District Court does not have jurisdiction of plaintiff-appellant's claim under the Civil Rights Act.

Turning to the issues of sovereign immunity and the retroactive application of the E.E.O. Act of 1972, this Court is convinced that the District Court properly granted defendant-appellee's motion for summary judgment on the grounds of the applicability of the doctrine of sovereign immunity. The law in this area is clear.

■ Waivers of sovereign immunity must be strictly construed. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 (1941). Furthermore, a law is presumed to operate prospectively unless there is a clear expression to the contrary. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938). An examination of Section 14 and Section 11 of the E.E.O. Act of 1972 indicates that Congress provided that said Act "shall be applicable in regard to charges pending before the Commission." Thus, Congress clearly intended certain portions of the Act to operate retroactively and so indicated. We therefore conclude that by its silence as to other sections Congress intended such sections to have prospective application only. In support of this conclusion we note that the District Court relied upon Mosley v. United States, Civil 72–380–S (January 4, 1973 S.D.Calif.) and Freeman v. Defense Construction Supply Center, C72–241 (S.D.Ohio Filed October 17, 1972), in which the Act was held not to apply retroactively. We are convinced that this conclusion is sound.

The plaintiff-appellant relies upon Walker v. Kleindienst, 357 F.Supp. 749 (D.D.C.1973), wherein the Court stated that the 1972 Act was remedial and amendatory and that the Act should be construed to cover pending charges of discrimination in federal employment. The District Court in the *Walker* case further stated that said Act takes away no substantive right, but merely changes the tribunal that is to hear the case. However, this Court cannot agree with this conclusion. See Freeman v. De-

* Equal Employment Opportunity Act of 1972, Pub.L.No.92–261, 86 Stat. 103 (March 24, 1972).

fense Construction Supply Center, *supra*; Johnson v. Froehlke, C.A. 72–677(H), (D.Md. Jan. 4, 1973).

The District Court in the instant case further determined that the plaintiff-appellant had not exhausted her administrative remedies relative to acts which occurred after the enactment of Title 42 U.S.C. § 2000e–16(c) and that, therefore, plaintiff-appellant's action was barred by reason of her failure to exhaust her administrative remedies. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Plaintiff-appellant asserts that the requirement of exhaustion of administrative remedies should not apply when the exercise of such remedies would be futile. Ogletree v. McNamara, 449 F.2d 93 (C.A.6 1971). In support of this argument, plaintiff-appellant contends that her claim is one of continuing discrimination and that the issues already presented to the E.E.O.C. are "nearly" identical. Therefore, she concludes that the futility principle of *Ogletree* is applicable.

However, this Court is of the opinion that by the statement in the complaint alone, it must be assumed there are new acts of discrimination. Such new acts may be similar in nature, but could hardly be precisely identical in all respects. A claimant cannot avoid a requirement of the Act by the self-serving determination that the new facts are similar to prior alleged discriminatory acts, and that accordingly the same result would excuse her from administrative review. The facts as alleged by the plaintiff-appellant in her brief are not identical but, in her own words, are "nearly identical".

The plaintiff-appellant relies upon Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1970), to buttress her argument that the alleged acts are continuing violations and therefore are exempt from administrative procedures. The *Griggs* case is clearly distinguishable in that it does not involve sovereign immunity and was decided March 8, 1971. Further, said case was based upon acts of a private employer and the violation of Title VII of the Civil Rights Act of 1964. See United States v. Carpenters Local 169, 457 F.2d 210 (C.A.7 1972), and United States v. Virginia Electrical and Power, 327 F.Supp. 1034 (E.D.Va.1971). These cases do not relate to the issue of sovereign immunity prior to the 1972 enactment of the E.E. O. Act.

Plaintiff-appellant's final contention is that Executive Order 11478 confers subject matter jurisdiction on the District Court. However, we conclude that said Executive Order does not contemplate judicial review. In the case of Gnotta v. United States, 415 F.2d 1271 (C.A.8 1969), which was cited by this Court in *Ogletree, supra,* Judge (now Justice) Blackmun ruled that Executive Orders 11246 and 10925, the predecessors of 11478, did not provide for a judicial review by civil action. The plaintiff-appellant however relies upon Chambers v. United States, 451 F. 2d 1045, 196 Ct.Cl. 186 (1971), in which the court therein concluded that inasmuch as Congress did not exclude a judicial review, one should have been contemplated.

It must be unequivocally stated that *Gnotta* and *Chambers* are irreconcilably in conflict. The Court has difficulty in applying the *Chambers* reasoning that by failing to contain expressions of exclusion that the Congress intended that there be review. We prefer the dissent of the *Chambers* case wherein the Court stated that the Court did not have jurisdiction and that no statute of Congress granted any right in favor of anyone against the United States. We therefore conclude that Executive Order 11478 does not provide subject matter jurisdiction to plaintiff-appellant.

For the reasons stated above, the judgment of the District Court is affirmed.