Gerald M. PARKS, Plaintiff-Appellee,

v.

Honorable John T. DUNLOP, Secretary
of Labor, Defendant-Appellant.

No. 75–1786.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1975.

John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst U. S. Atty., Atlanta, Ga., John K. Villa, Robert E. Kopp, Morton J. Hollander, Attys., Civil Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Lloyd Sutter, Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

In this Title VII action [1] the plaintiff, a white person alleging reverse employment discrimination by the Department of Labor of the United States, obtained a preliminary injunction forbidding the Secretary of Labor from making a permanent appointment to the position desired by the plaintiff pending exhaustion of his administrative remedies. The district court refused to grant the Secretary's motion to dissolve the injunction, and the Secretary appeals disputing both the district court's jurisdiction and the lack of irreparable injury to the plaintiff. We reverse.

Parks, the plaintiff, is employed in Atlanta by the Department of Labor as a Regional Wage Specialist of the Employment Standards Administration, Wage and Hour Division. He applied for a promotion to the position of Area Director of the Wage and Hour Division offices in Miami or Atlanta. He alleges that he was recommended by the Standard Merit Staffing Panel as the best qualified applicant, but that based on his race, Caucasian, the Washington office of the department directed that he not be promoted and that each of the positions be filled by less qualified members of minority groups. Before following the administrative remedies provided by the department to correct the asserted discrimination based on race, Parks brought this suit seeking to enjoin the Labor Department from filling the Atlanta position on anything but a temporary basis.[2]

The district court issued the temporary restraining order as prayed for on November 27, 1974, and granted a similar preliminary injunction on December 17, 1974. The injunction was to remain in effect until further order of the court or until the plaintiff filed suit on the merits pursuant to 42 U.S.C. § 2000e–16(c).

The Secretary of Labor's motion to dissolve the preliminary injunction was denied, and the Secretary brought the instant appeal pursuant to 28 U.S.C. § 1292(a)(1). A motion by the Secretary in this court seeking summary reversal was denied.

The Secretary contends first that the district court lacked jurisdiction because Parks failed to exhaust his administrative remedies. Although Parks had sent a letter to a counselor in the department's Equal Employment Opportunity program prior to instituting suit, his formal complaint was not filed until after the suit was brought.

In a case involving federal employee allegations of employment discrimination we have required exhaustion of administrative remedies in a § 1981 action. Penn v. Schlesinger, 497 F.2d 970 (5th Cir. 1975) (en banc); and the Supreme Court has required exhaustion in cases in which civil service remedies are sought, absent a strong showing of irreparable harm. Sampson v. Murray,

1. 42 U.S.C. § 2000e et seq.

2. Parks further specifically requested enjoining any "personnel action necessary to fill the same Atlanta Area Directorship, [the Miami position had already been filled] including but not limited to, movement of household goods for the named appointee who was scheduled to fill that office on December 2 or permanently filling of said appointee's held position, either or both of which would unnecessarily inconvenience appointee should plaintiff prevail on the merits of his claim and be entitled to fill said office . . . ."

415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). However, the instant federal employee suit is brought under Title VII.[3] The intent of Congress in enacting the 1972 amendments to that Act extending its coverage to federal employment was to give those public employees the same rights as private employees enjoy.[4] Therefore, our holding in Drew v. Liberty Mutual Ins. Co., 480 F.2d 69 (5th Cir. 1972) that exhaustion of administrative remedies is not required applies with equal force to federal employees seeking relief under Title VII. This means that the district court had jurisdiction to order the injunction.

In the alternative, the Secretary contends that the trial court abused its discretion in ordering the injunction because there was no showing that Parks would be irreparably harmed if the Secretary were not enjoined. Rather, the Secretary asserts that, should Parks prevail on the merits, the district judge would have the power to award him the position he seeks, despite the fact that a permanent appointment to that position had been made in the interim. This would mean that his only damages, if he were to be held entitled to prevail on the merits, would be the monetary loss calculated on the pay differential of the job he sought and the one he holds. Parks does not dispute this, however, he argues that the injunction was necessary "to maintain the status quo". This misconceives the central purpose of a preliminary injunction, which is to prevent irreparable harm. It is the threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined. *See* Sampson v. Murray, *supra*, and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Maintenance of the status quo is only a sometimes concomitant of preventing irreparable harm—never the touchstone for such injunctive

relief. Indeed, the concept itself is an elusive one at best. What the status quo is to the plaintiff—a job opening—is the antithesis of status quo to the defendant, whose normal administrative procedures have been interdicted. The district court's refusal to dissolve the injunction was an abuse of discretion and is

*Reversed.*

---

3. Parks also filed a grievance letter with the Department of Labor, but was told that since the complaint was being processed through the EEO, that it was the proper forum.

4. 42 U.S.C. § 2000e–16. *See* Thompson v. United States Department of Justice, Bureau of Narcotics and Dangerous Drugs, 360 F.Supp. 255 (N.D.Cal.1973).