**Charlie C. JONES, Plaintiff,**

**v.**

**Peter J. BRENNAN, Secretary of Labor, U. S. Department of Labor, and William U. Norwood, Regional Manpower Administrator, Region IV, U. S. Department of Labor, Defendants.**

**Civ. A. No. 19139.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1975.

Mary Joyce Johnson, Atlanta, Ga., for plaintiff.

William U. Norwood, III, Alexander, Vann & Lilly, Thomasville, Ga., William D. Mallard, Jr., Asst. U. S. Atty. N. D. Georgia, William W. Alexander, Jr., Fisher & Phillips, Atlanta, Ga., for defendants.

## ORDER

MOYE, District Judge.

This federal employee employment discrimination action, brought pursuant to 42 U.S.C. § 2000e–16(c), is presently before the Court on defendant Peter J. Brennan's motion to dismiss or in the alternative for summary judgment. Defendant Brennan urges that the Court lacks subject matter jurisdiction to hear this case and in the alternative that there is no genuine issue of material fact and that defendant Brennan is entitled to summary judgment on the merits. Plaintiff opposes the motion.

### I. Facts

Plaintiff Charlie C. Jones is a black male who was employed in October 1972 in Atlanta, Georgia, as Fiscal Management Advisor in the Office of Administrative and Management Services, Department of Labor, a GS–14 position. Defendant William U. Norwood was the Regional Manpower Administrator of the Manpower Administration for Region IV of the U.S. Department of Labor. Mr. Norwood was allegedly responsible for employment and personnel decisions within the Labor Department's Region IV. Defendant Peter J. Brennan was Secretary of the United States Department of Labor.

The plaintiff alleges that on or about October 15, 1971, the position of Assistant Regional Manpower Administrator for Administration and Management (hereinafter "ARMA for AM") in Re-

gion IV became vacant due to the transfer of the holder of the position, a black GS–15. Plaintiff alleges he was the "heir apparent" to the position, being "the most knowledgeable and most qualified individual for the position."

Plaintiff alleges that on October 15, 1971, defendant Norwood, a white GS–15 and the Regional Administrator, laterally transferred Mr. Lawrence Weatherford, a white GS–15, from the position of Assistant Regional Manpower Administrator for Unemployment Insurance (hereinafter "ARMA for UI") to the position of Acting Director ARMA for AM. On March 28, 1972, exercising "management prerogative," defendant Norwood appointed Mr. Weatherford permanently to the position of ARMA for AM. Defendant Norwood then advertised for the AMRA for UI position (which plaintiff alleges was an extremely technical job for which no black could yet qualify) by open competition by Merit Staffing and thereby gained a white GS–15 for ARMA for UI.

Plaintiff alleges that defendant Norwood deliberately and intentionally designed a situation whereby plaintiff and other eligible GS–14 blacks could not gain GS–15 status by appointment to the ARMA for AM position.

Plaintiff wrote a number of letters of complaint to officials in the Labor Department during October 1971 to March 1972, and formally registered a complaint with the Equal Employment Opportunity Counselor of the Department of Labor on May 4, 1972. On April 24, 1973, the Office of the Deputy Assistant Secretary for Administration and Management rendered a decision that racial discrimination existed at the time of the promotion and that plaintiff was denied a full and fair opportunity to compete for promotion to the position of ARMA for AM. This decision was appealed to the Board of Appeals and Review of the U.S. Civil Service Commission which rendered a decision on September 6, 1973. The Board accepted the factual findings of the Deputy Assistant Secretary that plaintiff and two other black GS–14 employees had been denied full and fair opportunity to compete for the position of ARMA for AM because of racial discrimination. The Board, however, limited its relief to ordering that the plaintiff be afforded priority consideration for the next GS–15 vacancy. Although plaintiff has been subsequently promoted to a GS–15 position, he alleges that the promotion with back pay benefits should be effective as of October 15, 1971—the date of the discriminatory promotion of Mr. Weatherford.

Defendant Brennan's statement of facts as to which there is alleged to be no genuine issue of material fact is based on the administrative record of the U.S. Civil Service Commission (Exhibit "A") and excerpted below:

"On October 15, 1971 in a memorandum to Regional Manpower Administration Executive Staff concerning 'Executive Staff Assignment Changes,' Mr. William Norwood, Regional Manpower Administrator, Region IV, Manpower Administration, United States Department of Labor, announced that Mr. Ludwin Branch, Assistant Regional Manpower Administrator for Administration and Management, GS–15, was leaving to take a position in the national office of the Manpower Administration. Mr. Norwood stated at that time that Mr. Larry Weatherford, Assistant Regional Manpower Administrator for Unemployment Insurance, GS–15, would assume the additional duties of Assistant Regional Manpower Administrator for Administration and Management as an interim arrangement, effective October 26, 1971 (Record, page 64).

Standard Forms 50 and 52 concerning the permanent reassignment of Weatherford from Unemployment Insurance to Administration and Management show an effective date of March 19, 1972. (Exhibits 'B' and 'C').

On March 28, 1972, in a memorandum to the Regional Manpower Ad-

ministration Executive Staff concerning 'Change in Staff Assignment,' Mr. Norwood announced that the permanent reassignment of Mr. Weatherford from Assistant Regional Manpower Administrator for Unemployment Insurance to Assistant Regional Manpower Administrator for Administration and Management had been approved and that Mr. Weatherford was that date relieved of his previous responsibilities as Assistant Regional Manpower administrator for Unemployment Insurance. In addition, this memorandum stated that Mr. Norwood was appointing Mr. Luther McGahee to serve as Acting Assistant Regional Manpower Administrator for Unemployment Insurance until the position was filled permanently through nation-wide recruitment (Record, page 68).

On April 13, 1972, the Plaintiff Charlie Jones was advised that he had been found not qualified for the position of Assistant Regional Manpower Administrator for Unemployment Insurance because his application indicated that he lacked the required specialized experience (Record, page 70).

On May 4, 1972, Mr. Jones brought his complaint to the attention of Miss Kay Davenport, Equal Employment Opportunity Counselor. Miss Davenport conducted an informal investigation, but her findings were inconclusive. However, Mr. Jones steadfastly contended that Mr. Weatherford's assignment was racially discriminatory and that it came as the result of Mr. Norwood's intent to deny Mr. Jones the opportunity to apply for the Administration and Management position. On June 9, 1972, a conference was held with Mr. Jones, Miss Davenport and Mr. Henry Huettner, Regional Director, but they were unable to arrive at any mutually satisfactory solution. Miss Davenport advised Mr. Jones of his right to file a formal complaint of discrimination (Record, pages 80–82).

On June 15, 1972, Mr. Jones sent his formal complaint of racial discrimination to Miss Davenport (Record, pages 37–40). On June 21, 1972, Miss Davenport received Mr. Jones' formal complaint (Record, page 72) and on June 22, 1972 forwarded the complaint to Mrs. Velma Strode, Director of Equal Employment Opportunity, U.S. Department of Labor (Record, page 71).

On July 20, 1972, Mr. Richard L. Gilbert, Assistant Area Director, Wage & Hour and Public Contracts Division, Department of Labor, Atlanta, Georgia, was assigned to investigate Mr. Jones' complaint (Record, pages 35 and 43).

On October 15, 1972, Mr. Gilbert filed his Report of Investigation (Record, pages 43–51 and pages 52–443). Mr. Gilbert concluded in his report that nonwithstanding the Region's Equal Employment Opportunity Affirmative Action Plan and Mr. Norwood's awareness of minority difficiencies at the GS–15 level, he had done nothing to alleviate the situation.

Mr. Gilbert recommended that the case be reviewed to determine if there were adequate proof for a hearing or other appropriate action which would:

(1) cause Mr. Norwood to comply with the spirit and letter of the government's Equal Employment Opportunity mandate and

(2) insure that the GS–14 Blacks on the Regional Office staff—including Mr. George Harris, Manpower Development Specialist, and Mr. Harold M. Arnold, Manpower Development Specialist, as well as Mr. Jones—be ' "made whole" to the extent deemed equitable.' (Record, pages 50–51).

On October 26, 1972, Director of Equal Employment Opportunity Strode sent Mr. Jones a copy of the investigative file and asked for his recommendations (Record, page 34). On November 8, 1972, Mr. Jones re-

sponded to Mrs. Strode's letter and requested immediate promotion to GS–15 or in the alternative, if no GS–15 vacancy existed, the top step of GS–14 with a promise of promotion to GS–15 when such vacancy occurred (Record, pages 32–33).

On March 2, 1973, Mr. Tom Kouzes, Deputy Assistant Secretary for Administration and Management, issued a proposed disposition letter to the complainant (Record, pages 30–31). Mr. Kouzes stated in the letter that:

'After careful review and full consideration of all the facts and statements in the investigative file concerning your complaint alleging racial discrimination, I am disposed to find that discrimination at the GS–14 and GS–15 levels existed at the times Mr. George Harris, Mr. Harold Arnold and you sought promotion with the Manpower Administration in Atlanta. However, I do not find sufficient evidence which would clearly establish that, except for the discrimination, you and these other Black GS–14s would have been promoted by the Manpower Administration.' (Record, page 30).

In compliance with 5 CFR § 713.-271(b)(2), the Deputy Assistant Secretary proposed that Messrs. Jones, Harris and Arnold be given priority consideration for the next vacancy for which they were qualified. The Deputy Assistant Secretary also proposed that the future assignments of Regional Manpower Administration staff to "acting" positions be minimized in order that employee confidence in the Department's Equal Employment Opportunity and Merit Staffing programs be maintained. The Deputy Assistant Secretary advised Mr. Jones of his right to request a hearing.

By letter dated March 13, 1973 (Record, page 29), Mr. Jones advised Deputy Assistant Secretary Kouzes that he disagreed with "the total con-

tents" of the Deputy Assistant Secretary's letter. Mr. Jones requested that the Department of Labor issue its final decision without holding a hearing.

By registered letter dated April 24, 1973 (Record, pages 25–28), the Deputy Assistant Secretary issued the agency's final decision, explaining to Mr. Jones that:

'Inasmuch as your letter of March 13 fails to question the completeness of, or call attention to any information or contentions found in the investigative file, the findings of discrimination as well as those provisions for remedial relief set forth in my proposed letter of disposition to you dated March 2, 1973 reflect my final decision.' (Record, page 25).

The final decision specifically set forth the agency's limited finding that, as a result of past staffing practices, discrimination existed at the time Mr. Jones was otherwise eligible for promotion, and that as a result of this discrimination, Messrs. Jones, Harris and Arnold were denied a full and fair opportunity to compete for promotion to a GS–15 Assistant Regional Manpower Administrator's position. The decision then carefully explained why it would be inappropriate to grant Mr. Jones an automatic promotion where there were no facts which would clearly show that, but for the discrimination, Mr. Jones, to the exclusion of all others, would have have been selected for promotion.

In a letter received by the Civil Service Commission on May 11, 1973 (Record, pages 18–19), Mr. Jones appealed the agency's decision to the Civil Service Commission's Board of Appeals and Review. See also pages 12 and 13 of the Administrative Record.

On September 6, 1973, the Board of Appeals and Review affirmed the final agency decision, specifically expressing its support of the remedial

action taken by the Department of Labor. (Record, pages 3–8)."

This suit was filed October 11, 1973.

The defendant moves to dismiss this case on numerous jurisdictional grounds, but the Court notes that the plaintiff's "main thrust" is a suit grounded on the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 *et seq.*, which gave federal employees the protection provided for other employees by the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

### II.  42 U.S.C. § 2000e–16

■ As a preliminary matter, this Court notes the letter brief filed by Mr. Underwood's counsel on July 2, 1975, and holds that defendant William U. Underwood cannot be liable to plaintiff on a cause of action accruing under 42 U.S.C. § 2000e–16 *et seq.* This provision of the Civil Rights Act, as amended in 1972, requires that a suit by a federal employee alleging racial discrimination be maintained against the head of the department which employs the plaintiff employee.  42 U.S.C. § 2000e–16(c). That head was Mr. Brennan, who has now been replaced by Mr. Dunlop. Mr. Norwood is not a department head and is therefore not a proper party to this lawsuit for purposes of relief under 42 U.S.C. § 2000e–16 *et seq. See Williams v. Munford*, 6 F.E.P. Cases 483 (D.C.D.C.1973), which held that the Director of Pesonnel of the Library of Congress was not a proper defendant but that only the Librarian himself was the proper party defendant as the department head in a § 2000e–16 suit.  *See also Jones v. United States*, 376 F.Supp. 13 at footnote 3 (D.C.D.C.1974).

Defendant Brennan moves for summary judgment under 42 U.S.C. § 2000e–16 on two grounds: (A) The Act does not apply retroactively to the alleged pre-March 24, 1972, actions by defendant Brennan; (B) Plaintiff is not entitled to a trial de novo on his claims and, therefore, defendant Brennan is entitled to summary judgment based on a review of the administrative record filed herein.

### A.  Retroactivity of § 2000e–16

Defendant Brennan claims that § 2000e–16 confers no right of action on plaintiff because the alleged acts of discrimination began on October 26, 1971, with the temporary appointment of Larry Weatherford as ARMA for AM and culminated March 19, 1972 (announced March 28, 1972) with the permanent assignment of Mr. Weatherford as ARMA for AM.  The March 19, 1972, date precedes by five days the effective date of the Act (March 24, 1972).  The defendant claims that the Act is not retroactive in application, citing *Palmer v. Rogers*, 6 E.P.D. ¶ 8822 (D.D.C. September 7, 1963).

The Fifth Circuit has not ruled on the extent, if any, of the retroactivity of the 1972 Amendments to the Civil Rights Act.  Although the authority in the other circuits and districts is split over the question, the weight of authority in the Circuit Courts is that the Act applies to those cases of pre-Act discrimination where the federal employee's claim was pending "undetermined administratively" as of March 24, 1972.  *Koger v. Ball*, 497 F.2d 702 (4 Cir. 1974); *Sperling v. United States*, 515 F.2d 465 (3 Cir. 1975); *Brown v. General Services Administration*, 507 F.2d 1300 (2 Cir. 1974); *Womack v. Lynn*, 164 U.S.App. D.C. 198, 504 F.2d 267 (1974).  Only one Circuit has held the Act to be not retroactive, *Place v. Weinberger*, 497 F. 2d 412 (6 Cir. 1974).  The Sixth Circuit in *Place v. Weinberger*, reasoning that waivers of sovereign immunity should be strictly construed, held the Act to have prospective application only.

■ This Court, having examined carefully both the *Koger* and *Place* decisions and *Koger's* rebuttal of the statutory construction of *Place*, joins the Second, Third, Fourth and D. C. Circuits in holding that § 2000e–16:

"is merely a procedural statute that affects the *remedies* available to fed-

eral employees suffering from employment discrimination. Their *right* to be free of such discrimination has been assured for years [footnote omitted]. We hold that this remedial statute applies retroactively to proceedings already pending at the time of its effective date, March 24, 1972." *Womack v. Lynn,* 504 F.2d at 269.

Assuming the Act to be retroactive, the issue here is whether Mr. Jones's claim was "pending administratively undetermined" as of March 24, 1972. The Court finds that it was.

Although Mr. Jones did not register a complaint with the Equal Employment Opportunity Counselor of the Department of Labor until May 4, 1972, he wrote letters embodying his complaints to Mr. Malcom B. Lovell, Jr., Assistant Secretary for Manpower, Manpower Administration, U. S. Department of Labor, in Washington, D. C., on February 22, 1972, and to Mr. Norwood on October 15, 1971, and January 25, 1972. Mr. Norwood responded to Mr. Jones's charges by letter dated March 7, 1972, and Mr. Lovell stated by letter dated March 22, 1972:

> "In response to your letter of February 22, 1972, I have asked that a review be made concerning the matters mentioned by you. You will be further advised when this review has been completed."

Mr. Jones wrote a response to Mr. Norwood on March 24, 1972—the very date the Act came into effect.

■ The Court finds that these letters constituted the inception of the administrative process which led to Mr. Jones's filing a formal charge on May 4, 1972. Given the remedial purpose of the Act, *Koger v. Ball, supra; Sperling v. United States, supra; Womack v. Lynn, supra; Brown v. General Services Administration, supra,* the Court finds that Mr. Jones's claim was pending "administratively undetermined" on March 24, 1972, and is therefore cognizable in this Court as a cause of action pursuant to §

2000e–16 under the *Koger, Womack, Sperling,* and *Brown* cases, *supra.*

■ As a second matter, the Court holds that the Norwood Memorandum dated March 28, 1972, announcing the reassignment of Lawrence E. Weatherford, Jr., to the position of ARMA for AM was an alleged "act of discrimination" which occurred after the effective date of the Act (March 24, 1972) and to which the Act applies prospectively. For these two reasons, Mr. Jones's suit is not barred by defendant Brennan's claim of nonretroactivity of the 1972 Amendments.

*B. Trial de novo under § 2000e–16*

Defendant Brennan has moved for summary judgment on the ground that Mr. Jones is not entitled to a trial de novo on his claims under § 2000e–16, but only to a judicial review of the administrative record, and that the administrative record herein mandates the entry of judgment for defendant.

The amendment extending Title VII to federal employees is too recent for the Supreme Court to have rendered a definitive ruling on this issue, although two such cases are presently docketed before the Court. *Salone v. United States,* 43 U.S.L.W. 3684 (June 19, 1975); *Chandler v. Johnson,* 43 U.S.L. W. 3684 (June 19, 1975). The issue has caused a split among the Circuit Courts: *Sperling v. United States,* 515 F.2d 465, 474–81 (3d Cir. 1975) (trial de novo required); *Salone v. United States,* 511 F.2d 902 (10th Cir. 1975) (review of administrative record sufficient). The Fifth Circuit has not spoken directly to this issue. One district judge within this circuit has attempted to adopt a middle ground, finding that the trial judge has discretion to order a trial *de novo,* review the administrative record only, or review the record plus any supplementary materials submitted by the parties. *Johnson v. United States Postal Service,* 364 F.Supp. 37 (N.D.Fla. 1973). Although that opinion was affirmed, the opinion by the Fifth Circuit

did not mention the issue presented by this case. *Johnson v. United States Postal Service,* 497 F.2d 128 (5th Cir. 1974).[1]

The Fifth Circuit Court of Appeals recently stated in *Parks v. Dunlop,* 517 F.2d 785, 787 (5 Cir. 1975):

> "The intent of Congress in enacting the 1972 amendments to that Act extending its coverage to federal employment was to give those public employees the same rights as private employees enjoy,"

citing in its footnote 4:

> "4. 42 U.S.C. § 2000e–16. See *Thompson v. United States Department of Justice, Bureau of Narcotics and Dangerous Drugs,* 360 F.Supp. 255 (N.D.Cal.1973)."

The District Court in the *Thompson* case, *supra,* analyzed the intent of Congress regarding the scope of review of actions brought by federal employees under the Amendments. The Court concluded from the language of the 1972 Amendments and the report of the Congressional managers that federal employees are entitled to a trial de novo, not merely a review of the administrative record, for actions brought under 42 U.S.C. § 2000e–16. 360 F.Supp. 256–58. However, see 372 F.Supp. 762 (1974) where the same court reversed itself and held that no de novo trial was required.

Judge Newell Edenfield of this district recently ruled that in a Title VII suit brought by a federal employee who has properly completed the administrative prerequisites to filing suit, the federal employee is entitled to a trial de novo on the merits and not merely a review of the administrative record employing a "substantial evidence" standard of review. *Henry Thomas v. George W. Camp,* (Civ. No. C75–652A, decided September 8, 1975).

Even more persuasive is Judge Gibbons's opinion in *Sperling v. United States,* 515 F.2d 465, 474–484 (3 Cir. 1975), which extensively analyzed the legislative history of the Act and concluded that the analysis of Judge Gesell's leading opinion in *Hackley v. Johnson,* 360 F.Supp. 1247 (D.D.C.1973) misread the Act's legislative history. The Third Circuit in *Sperling* found that a federal employee under § 2000e–16 had a right to a trial de novo.

Accordingly, based on the *Sperling* decision, the Fifth Circuit's recent citation with approval of the earlier *Thompson* case in *Parks v. Dunlop,* and Judge Edenfield's decision in *Thomas v. Camp, supra,* this Court concludes that Mr. Jones is entitled to a de novo trial, not merely a review of the administrative record under § 2000e–16.

*III. Scope of Relief Under 42 U.S.C. § 1981*

The defendant Brennan argues that plaintiff's claims for injunctive, declaratory, compensatory and back-pay relief against the defendant government officers are barred by the sovereign immu-

---

1. The District Courts are divided on this issue. See, for example, the following cases holding judicial review of the administrative record sufficient: *Napper v. Schnipke,* 393 F.Supp. 379 (E.D.Mich.1975); *Wright v. National Archives and Records Service,* 388 F.Supp. 1205 (D.Md.1975); *Russell v. Johnson,* 387 F.Supp. 931 (W.D.Pa.1975); *Abrams v. Johnson,* 383 F.Supp. 450 (N.D. Ohio 1974); *Spencer v. Schlesinger,* 374 F.Supp. 840 (D.D.C.1974); *Cates v. Johnson,* 377 F.Supp. 1145 (W.D.Pa.1974); *Baca v. Butz,* 376 F.Supp. 1005 (D.N.Mex.1974); *Robinson v. Warner,* 370 F.Supp. 828 (D.C. R.I.1974); *Bernardi v. Butz,* 7 E.P.D. ¶ 9381 (N.D.Calif.1974); *Pointer v. Sampson,* 62 F.R.D. 689 (D.D.C.1974); *Chandler v. Johnson,* 7 E.P.D. ¶ 9139 (C.D.Calif.1973); *Tomlin v. United States Air Force Medical Center,* 369 F.Supp. 353 (S.D.Ohio 1974); *Williams v. Mumford,* 6 E.P.D. ¶ 8785 (D. D.C.1973); *Handy v. Gayler,* 364 F.Supp. 676 (D.Md.1973); *Hackley v. Johnson,* 360 F.Supp. 1247 (D.D.C.1973).

The following district courts have held that the 1972 amendments require a full trial de novo, paralleling the remedies accorded to the employees of private persons: *Revis v. Laird,* 391 F.Supp. 1133 (E.D.Calif.1975); *Hunt v. Schlesinger,* 389 F.Supp. 725 (W.D. Tenn.1974); *Griffin v. United States Postal Service,* 385 F.Supp. 274 (M.D.Fla.1973); *Henderson v. Defense Contract Administration Services,* 370 F.Supp. 180 (S.D.N.Y. 1973); *Jackson v. United States Postal Service,* 379 F.Supp. 589 (S.D.Tex.1973).

nity doctrine. *Penn v. Schlesinger,* 490 F.2d 700, 703 (5 Cir. 1973) *(Penn I).* The Fifth Circuit reversed itself on the administrative exhaustion issue in an en banc decision in *Penn v. Schlesinger,* 497 F.2d 970 (5 Cir. 1975) *(Penn II).* The Penn I Court, argues Brennan, permitted under § 1981 only a mandamus action against the officers in their official capacity. *See also Beale v. Blount,* 461 F.2d 1133 (5 Cir. 1972). The defendant claims that plaintiff has not sued the defendants in their individual capacity. Sued only in their official capacity, defendant Brennan argues, the defendants are liable only for a mandamus action under § 1981.

■ The law in the Fifth Circuit regarding federal employee suits under § 1981 appears to be that after exhaustion of his administrative remedies, *Penn v. Schlesinger,* 497 F.2d 970 (5 Cir. 1975) *(Penn II), Parks v. Dunlop,* 517 F.2d 785 (5 Cir. 1975), the doctrine of sovereign immunity bars all other relief except for relief available by mandamus, which "would include a promotion as well as reinstatement if otherwise appropriate." *Petterway v. Veterans Admin. Hosp., Houston, Texas,* 495 F.2d 1223, 1225 (5 Cir. 1974).

The Court notes that the extent of relief under § 1981 cases of this sort in the Fifth Circuit is not altogether clear, as was pointed out by Judge Young's footnote 9 in his well-written opinion in *Wright v. National Archives and Records Service,* 388 F.Supp. 1205, at 1209 (D.Md.1975):

"When the Fifth Circuit, sitting en banc, reversed *Penn I,* it adopted as its opinion the dissenting opinion of Judge Godbold in *Penn I. See* 497 F. 2d 970, 971 (5th Cir. 1975). Judge Godbold was primarily concerned with the exhaustion problem. It is not altogether clear that he adopted the majority opinion in *Penn I* that § 1981 created a cause of action against federal officials for ultra vires discrimination. *See* 490 F.2d at 713–714. Judge Tuttle in his dissent to the ma-

jority position in *Penn II* assumes that Judge Godbold *did* accept the ultra vires theory. *See* 497 F.2d at 974. Judge Tuttle would have gone beyond the position he took in *Penn I* to adopt a no-exhaustion position in § 1981 actions and also to permit a § 1981 action for damages and injunctive relief as well as the limited declaratory action permitted in *Penn I.* See 497 F.2d at 975. Thus the Fifth Circuit at present appears to have adopted two routes around sovereign immunity in § 1981 cases: (1) Mandamus plus exhaustion was outlined in *Beale* and more recently in *Petterway v. Veterans Administration Hospital,* 495 F.2d 1223 (5th Cir. 1974), and (2) Limited declaratory judgment plus exhaustion against federal officers acting ultra vires as was apparently adopted in *Penn II.* In addition there is the minority position that § 1981 gives a cause of action for damages, equitable relief, and declaratory relief against federal officers acting ultra vires."

This Court will limit consideration of any relief which plaintiff could obtain under § 1981 to relief in the nature of mandamus, which in this case would be promotion.

In this regard, the Court notes that defendant Norwood, in response to defendant Brennan's motion for summary judgment, makes the following statement:

"Further, it is the position of this Defendant that the finding of discrimination against him is void on its face inasmuch as the investigative file reflects no discrimination on his part up and through the level of GS–14. (Record 49–50) The importance of this finding is that Defendant Norwood has no authority to appoint or promote at the GS–15 level! (See Federal Personal Manual regarding the authority of a GS–17 to appoint or promote at the GS–15 level; see also Form 50 attached as Exhibit "B" to Defendant Brennan's Motion which

shows that David C. Page was the officer who appointed Lawrence E. Weatherford, Jr. to the position of which Plaintiff complains.)"

■ Defendant Norwood's statement that he has no authority to appoint or promote at the GS–15 level is uncontroverted by plaintiff. Therefore, no mandamus relief could lie against defendant Norwood under § 1981.

Therefore, inasmuch as defendant Norwood is not a proper party for a suit under either § 2000e–16 or § 1981, the Court hereby ORDERS defendant Norwood DISMISSED from this suit.

### IV. Remaining Factual Issues

Notwithstanding plaintiff's right to a de novo trial under § 2000e–16, the Court may still inquire as to the remaining genuine issues of material fact in this case in considering defendant Brennan's summary judgment motion. Fed. R.Civ.P. 56.

The plaintiff alleges that there remain at least two material issues of fact: (1) Whether or not plaintiff has been a victim of racial discrimination, and (2) Whether or not the remedy proposed by the Civil Service Commission was adequate to compensate plaintiff.

The defendant Brennan concedes that the plaintiff was a victim of racial discrimination, since Mr. Tom Kouzes, Deputy Assistant Secretary for Administration and Management, in a letter to plaintiff dated March 12, 1973, concluded:

" . . . I am disposed to find that discrimination at the GS–14 and GS–15 levels existed at the times Mr. George Harris, Mr. Harold Arnold and you sought promotion with the Manpower Administration in Atlanta. . . ."

This finding became the Labor Department's final decision on April 24, 1973.

The only factual issue remaining before the Court therefore is plaintiff's challenge to the following findings by Mr. Kouzes:

" . . . However, I do not find sufficient evidence which would clearly establish that, except for the discrimination, you and these other Black GS–14s would have been promoted by the Manpower Administration."

Plaintiff Jones disputes this finding claiming that he was the "heir apparent" to the job, being "the most knowledgeable and most qualified individual for the position," and that, but for the discrimination, he would have been promoted to the position.

■ Accordingly, a genuine issue of material fact does exist as to whether plaintiff Jones was the "heir apparent" or "most qualified person" for the position of ARMA for AM, and if so, whether under these facts the remedy proposed by the Civil Service Commission was inappropriate or inadequate. Therefore, for this reason and the other reasons discussed above, Brennan's motion to dismiss or for summary judgment is hereby ordered denied.

### V. Summary

In summary, the Court makes the following rulings:

A. The Court hereby orders Mr. Norwood dismissed from this case as a defendant because he is not a proper party under 42 U.S.C. § 2000e–16(c) and no mandamus relief could lie against him under 42 U.S.C. § 1981.

B. The motion of defendant Brennan to dismiss or for summary judgment is hereby ordered denied. In this regard the Court holds the following:

1. Plaintiff is entitled to a trial de novo for his claims under 42 U.S.C. § 2000e–16.

2. Section 2000e–16 applies retroactively to plaintiff's federal employee claim of racial discrimination since it was pending administratively undetermined as of March 24, 1972.

3. Consideration of Section 1981 relief shall be limited to mandamus relief only.

4. The only factual issue remaining to be tried is the finding below that, but for the discrimination, plaintiff Jones would not have been promoted to the GS–15 position of ARMA for AM and the adequacy and appropriateness of the Civil Service Commission's remedy in view of this finding.