**Judith KEELER, for herself and all others similarly situated,**

**v.**

**Carla HILLS, in her official capacity as Secretary of the United States Department of Housing and Urban Development.**

**Gayle F. BURBIDGE, for herself and all others similarly situated,**

**v.**

**Carla HILLS, in her official capacity as Secretary of the United States Department of Housing and Urban Development.**

Civ. A. No. C74–2152A, C74–2309A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 12, 1975.

John R. Myer, Atlanta, Ga., Jane M. Picker, Cleveland, Ohio, Roger L. Goldman, St. Louis, Mo., for plaintiffs.

William D. Mallard, Jr., Asst. U. S. Atty., N. D. Ga., Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

These two Title VII federal employee sex discrimination cases are before the Court on defendants' motion to dismiss or in the alternative for summary judgment, filed August 4, 1975, and plaintiffs' motion to determine class filed August 11, 1975.

The defendants move to dismiss or for summary judgment on the following grounds:

(1) The action may not be maintained against the defendants individually;

(2) The Court has no jurisdiction under Title VII, as amended in 1972, to review plaintiff Keeler's "Third Party Complaint" filed with the Department of Housing and Urban Development in Washington;

(3) There is no right to a *de novo* review of a federal employee Title VII action. Rather, judicial inquiry is limited to a review of the administrative record;

(4) There is no jurisdiction to review a Title VII federal employee class action until each member of the class has exhausted his or her administrative remedies.

As a preliminary matter, the Court notes that some of defendants' contentions, while argued at length here, have already been decided by this Court's decision in *Jones v. Brennan,* (N.D.Ga., Judge Moye, decided September 30, 1975), 401 F.Supp. 622 (1975).

■ The defendants are correct in their contention that, under the 1972 Amendments to Title VII, 42 U.S.C. § 2000e–16(c), these federal defendants may only be sued in their official capacity, not individually, *Jones v. Brennan, supra; Williams v. Munford,* 6 F.E.P. Cases 483 (D.D.C.1973). This is because § 2000e–16(c) requires that a suit by a federal employee alleging racial discrimi-

nation be maintained against the head of the department which employs the plaintiff employee (in the instant case, originally James Lynn who has been succeeded by Mrs. Carla Hills, as Secretary of Housing and Urban Development). There is no need to retain Mr. Lamar Seals in this lawsuit brought under 42 U.S.C. § 2000e–16 since he is not the department head identified in § 2000e–16(c). Accordingly, it is the ORDER of the Court that defendant Mrs. Carla Hills be substituted in her official capacity as the sole defendant in this case and that Mr. Lamar Seals be dismissed from this lawsuit as an improper defendant under § 2000e–16(c).

■ Secondly, *Jones v. Brennan, supra,* squarely held that federal employees bringing Title VII actions under § 2000e–16(c) are entitled to a trial *de novo* and not merely a review of the administrative record below. See *Sperling v. United States,* 515 F.2d 465, 474–81 (3 Cir. 1975); *Hackley v. Roudebush,* 520 F.2d 108 (D.C. Cir. 1975); *Parks v. Dunlop,* 517 F.2d 785, 787 (5 Cir. 1975); *Caro v. Schultz,* 521 F.2d 1084 (7 Cir. decided September 3, 1975). Thus plaintiffs are entitled to a *de novo* trial.

■ As a third matter, the defendant claims that this Court has no jurisdiction under 42 U.S.C. § 2000e–16(c) to hear plaintiff Keeler's class action allegations which were included in her "Third Party Complaint" filed with HUD pursuant to 5 C.F.R. § 713.251, because there is no grant of jurisdiction to the federal courts to hear "Third Party Complaints" on behalf of other allegedly aggrieved federal employees.

It appears, however, that plaintiff Keeler's administrative complaint originally alleged both individual and class violations. HUD refused to treat both areas of the complaint because the Civil Service Regulations, 5 C.F.R. §§ 713.211 through 713.22, do not provide for an individual to raise before the Department class claims with her own individual claim of discrimination. The defendant rejected Ms. Keeler's individual allegations by letter dated February 7, 1974, and proceeded to treat Ms. Keeler's class

complaint entitled "In Re Third Party Complaint of Judith A. Keeler v. Atlanta Regional Office of the U. S. Department of Housing & Urban Development" filed December 27, 1973, as a Third Party Complaint under 5 C.F.R. § 713.251. This lawsuit was filed November 5, 1974, and HUD rejected each of plaintiff's class allegations on April 30, 1975.

The plaintiff appears to have filed a class action type of complaint before HUD including her own personal allegations because she wished to comply with all exhaustion requirements for her class allegations before coming to the United States District Court.

HUD refused to allow plaintiff to bring this two-pronged administrative complaint and now HUD moves to dismiss because HUD insists there can be no judicial review of a "Third Party Complaint" (5 C.F.R. § 713.251) embodying class allegations, even though this "Third Party Complaint" was the only vehicle by which HUD allowed plaintiff to bring her class action allegations before the Department. The Court finds that HUD's position here is untenable.

The Fifth Circuit recently stated that "the intent of Congress in enacting the 1972 amendments to that Act extending its coverage to federal employment was to give those public employees the same rights as private employees enjoy." Parks v. Dunlop, 517 F.2d 785 (5 Cir. 1975). It is undisputed that private litigants have the right to raise class action allegations in Title VII cases. Since plaintiff Keeler's administrative complaint included her own allegations in addition to her class claims and since her attempt to properly exhaust her administrative prerequisites to suit was thwarted by the regulations of HUD itself, by requiring her to embody her claims in a "Third Party Complaint," HUD may not now come to Court and move to dismiss the complaint for the reason that plaintiff has not exhausted her administrative remedies. Therefore, the Court holds that it has jurisdiction over plaintiffs Keeler and Burbidge and these class action allegations by virtue of 42 U.S.C. § 2000e–16(c). Defendant's contentions in this regard are without merit.

■ Defendant's fourth ground for dismissal is that there is no jurisdiction to review a Title VII federal employee class action until each member of the class has exhausted his or her administrative remedies. Pointer v. Sampson, 62 F.R.D. 689 (D.D.C.1974). However, Pointer, supra, was predicated on a ruling by the District Court that federal employees were not entitled to a de novo trial, but only to review of administrative proceedings. For this reason, the Court in Pointer held a class action could not be maintained absent an administrative record for each prospective member of the class.

Inasmuch as this Court has ruled that plaintiffs are entitled to a de novo trial and that the plaintiffs have exhausted their administrative remedies for their class action allegations, this Court has jurisdiction to hear these class action claims. Oatis v. Crown-Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968); Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1375, n. 30 (5th Cir. 1974); Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 256 (5th Cir. 1974).

As a last matter, regarding plaintiffs' motion, filed August 11, 1975, to determine a class, the Court believes that determination of this motion would be best facilitated by oral argument at a hearing. Accordingly, the Court hereby ORDERS a hearing on plaintiffs' motion for class action determination to be held on November 24, 1975, at 11:00 a. m., in Room 226, United States Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia.

Defendant's motions to dismiss or in the alternative for summary judgment is ordered denied except, as decided infra, the sole remaining defendant in these cases will be Mrs. Carla Hills, Secretary of Housing and Urban Development, sued in her official capacity only.