Lonnie E. FLEMING, d/b/a Gulf Farm Center, Plaintiff-Appellant,

v.

GULF OIL CORPORATION, a corporation, Defendant-Appellee.*

No. 76–1268.

United States Court of Appeals, Tenth Circuit.

April 1, 1977.

---

W. Jeffrey Dasovich and James F. Robinson, Oklahoma City, Okl. (Paul J. Kessler, Edmond, Okl., on the brief), for plaintiff-appellant.

Eugene C. Alford, Kansas City, Mo., for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal in which plaintiff-appellant seeks to obtain relief under Rule 60(b) from the granting of a motion of defendant-appellee which resulted in dismissal of plaintiff's action against Gulf.

On February 7, 1974, Gulf Oil Corporation, which had been defendant in an action instituted by plaintiff-appellant Fleming, filed a motion for dismissal in the following terms:

MOTION FOR ORDER OF DISMISSAL

Comes now Gulf Oil Corporation, the defendant in the above entitled cause, and respectfully submits to the Court that all matters and things in controversy relating to, and arising out of, the above entitled cause between Agrico Chemical Company, third party plaintiff, and Lonnie Fleming, d/b/a Gulf Farm Center, Fleming Farm Center, third party defendant, having been amicably adjusted, compromised and finally settled by Journal Entry of Judgment dated January 15, 1974 as amended by a nunc pro tunc order dated January 18, 1974, and respectfully submits to the Court that the foregoing judgment effectively terminates and resolves all matters in controversy between the parties in this cause.

The defendant Gulf Oil Corporation hereby moves that the above entitled cause be dismissed, with prejudice, as to Gulf Oil Corporation.

Submitted this 30 day of January, 1974.

/s/ Eugene C. Alford
Eugene C. Alford
2025 TenMain Center, Kansas City, Missouri
Attorney of Record for Gulf Oil Corp.

ORDER

The Court finds that all matters in controversy in the above entitled cause have been resolved and IT IS HEREBY ORDERED that the above entitled cause be dismissed as to the defendant Gulf Oil Corporation, with prejudice.

Entered this 7th day of February, 1974. Entered in Judgment Docket on Feb. 7, 1974.

By: /s/ Adelaide Halston, Deputy
/s/ Stephen S. Chandler
United States District Judge

It was not until February 3, *1976*, that the motion for relief under Fed.R.Civ.Proc.

60(b) was made by the plaintiff-appellant through a newly employed lawyer. The motion declares that there was a failure on the part of Gulf to notify plaintiff and to allow him to respond to the motion; he was not served with notice as required by Rule 6(d); and that to allow the order to stand would be an injustice.

Plaintiff is shown by the record to be a farmer who resides in Texas County, Oklahoma. His original lawsuit was against Gulf and was filed in state court in plaintiff-appellant's county of residence. About the same time of the filing of plaintiff's case, the Agrico Corporation filed against plaintiff-appellant in Tulsa County. No sooner had this taken place than Gulf petitioned for removal of the action against it to the United States District Court for the Western District of Oklahoma. Thereafter, the Agrico case filed in Tulsa County was also removed to the federal court.

On January 15, 1974, the action between Agrico and appellant came before the court following arbitration proceedings, and judgment was entered in favor of Agrico and against plaintiff that day. The above described motion of Gulf seeking dismissal was then filed and granted.

The plaintiff-appellant's suit against Gulf had been commenced September 3, 1972. The complaint alleged that he had leased a farm center from Gulf in December 1970 in Texas County, Oklahoma, that Gulf had misrepresented the value of the business which it had undertaken to lease and sell to plaintiff and that plaintiff had relied on the misrepresentations and had in reliance thereon entered into the agreements.

Further allegations were that Gulf had attempted to avoid its responsibility by assigning its contract (to Agrico), and that Gulf had failed to perform its agreements with plaintiff.

The action as between Agrico and Fleming was a suit to recover current rentals plus possession under the lease from Gulf to Fleming. It is true that the then counsel for plaintiff in a motion to join Agrico in the instant suit said that Agrico was a necessary party. It is also averred that "all

of the suits * * * arise out of the same general subject matter."

Notwithstanding the allegation, it is apparent from a reading of all of the documents in the file that the claim of appellant against Gulf, while it arises under the same general facts, is not the same action as that between Agrico and defendant. It is argued that the settlement as between Agrico and Fleming was intended to finally settle all of the controversy. However, it does not appear on its face that it does. It appears that these cases logically supplement one another, whereby settlement of the current obligations as between appellant, Fleming, and Agrico would not automatically bar a suit against Gulf alleging fraud in the inducement and in the execution.

The story does not end with the dismissal by the trial court of the action against Gulf. Fleming, the plaintiff-appellant, filed a notice of appeal on the 9th day of February, 1976. On June 11, 1976, Gulf moved the court for an order requiring the approval by the trial court of a record of proceedings "or evidence pertinent to the appeal but not included in the record on appeal," and further for an order extending the time to file a brief. The court's authorization was limited to the supplementing of the record. Counsel had also sought leave to proceed under Rule 10(c) of the Rules of Appellate Procedure. No authority to proceed under Rule 10(c), which would have allowed the preparation of a new record including a statement of the evidence from the best available means, although requested, was granted.

A supplemental record was filed in this court on March 11, 1977. Gulf proceeded on March 9, 1977 to get an order from Judge Chandler to supplement the record by the inclusion of an affidavit of Frank E. Hensley, former attorney for appellant, which affidavit was prepared for the occasion. Also included was a deposition of appellant which was represented to have been prepared by the reporter July 9, 1973, and not transmitted when the original record on appeal was transmitted. In truth, the deposition is shown by the reporter's certificate

to have been transcribed just prior to its filing, that is to say, on March 7, 1977. The certificate said that the original was in July 1973 mailed to either the attorney for the appellant or the appellant.

A final document which was included was "Findings of Fact Surrounding Final Disposition of the Case" furnished by Judge Chandler on March 9, 1977.[1] This purported to advise as to what took place at the final disposition of the Agrico-Fleming controversy in January 1974. Judge Chandler stated that he advised the Gulf Corporation representatives that they need not be present at the January 15, 1974 hearing; that he told them that he had been advised that after the arbitrator's award was returned a judgment would be entered in favor of Agrico; and that the suit against Gulf would be dismissed. The Judge further said that he was not advised at the January 15 pretrial conference that he was preserving any rights to proceed against Gulf Oil Corporation. The statement of the Judge said that Fleming did not inquire as to whether the disposition of his case with Agrico affected his lawsuit against Gulf and he has not given any assurance by the court that such payment affected his lawsuit against Gulf. The Judge added "all parties and the court understood that the entire controversy including any claim against Gulf was disposed of by the Agrico judgment." The full text of these findings is set forth in the appendix to this opinion.

 The motion to supplement the record was, to be sure, granted. This, however, did not authorize the preparation of a new record. Rules 10 and 11 pertain to the preparation and transmission of the record on appeal. Such record consists of the original papers and exhibits filed in the district court together with the transcript of proceedings and a copy of the docket entries in the district court. Less than the entire record, of course, can be submitted. The rule which the appellee sought to utilize, 10(c), applies "if no record of the evidence at the proceedings or the trial was made." This permits the appellant to prepare a statement of the evidence to be served on the appellee. It contemplates the preparation of a statement of the evidence where no record exists. This rule could not possibly apply to the appellee, but moreover it was not complied with because there is supposed to be a timely service of the record on the appellee and here it was filed just prior to oral arguments without furnishing any opportunity to object to it. When we allowed the appellee to supplement the record, we viewed its effort as an attempt to bring in documents that existed but had not been certified. Appellee was not expected to create new and supplemental evidence in order to meet the arguments of the appellant. The wording of the authorization cannot be read as allowing appellee to do what it did.

We note that the deposition of Fleming was not before the court and could not have entered into the decision of the judge to dismiss the case.

 Moreover, it was inappropriate for the judge to make findings on March 9, 1977, which were actually a response to the affidavit of Fleming. Since neither Fleming's deposition nor the trial court's supplemental finding were before the trial court and since our court is not empowered to hear evidence, neither the judge's March 9, 1977 findings nor the deposition of Fleming is entitled to be considered here.

We turn now to the question whether appellant is entitled to relief under Rule 60(b). Professor Moore in his treatise, 7 Moore's Federal Practice, Second Edition, p. 6 *et seq.* (1975), states that the rule was amended in 1946. The "new" Rule 60(b) provides for the relief from a final judgment within one year for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The first three grounds must be asserted within one year. For the last three the motion must

1. See Appendix.

be made within a reasonable time. The "any other reason justifying relief" ground is discussed by Professor Moore in his treatise, Vol. 7, at 339. He explains that the revision of the rule in 1946 was designed, first, to buttress the finality of judgments; and, second, to provide ample and proper grounds for relief from final judgments. And so developed a general residual clause authorizing the granting of relief where equity calls for it was developed. Professor Moore points out that the Supreme Court's decision in *Klapprott v. United States*, 335 U.S. 601, 614, 69 S.Ct. 384, 93 L.Ed. 266 (1949), furnishes a good example of a case in which relief is appropriate under Rule 60(b)(6). The author states:

> The Court was certainly on sound grounds in taking this position in the leading case of *Klapprott v. United States* and in holding that movant's allegations, averring that his failure to defend the denaturalization proceeding was due to forcible obstacles that made defense well nigh impossible, stated reasons which, if established, warranted relief under clause (6) from the denaturalization decree. As Justice Black stated,
>
> > In simple English, the language of the "other reason" clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.
>
> While the allegations of the party moving for relief in the *Klapprott* case presented an extraordinary situation and Justice Black's statement must be read in that context, it does, nevertheless, properly point out the purpose of clause (6). Like Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice.

Moore's, *supra*, at 342–43 (footnotes omitted).

*Klapprott* was a citizenship cancellation case in which a default judgment cancelling the respondent's citizenship was entered. Klapprott was in jail and unable to defend himself in the proceedings. It was a default judgment that led the court to order that the judgment be vacated plus the fact that he was unable because of his imprisonment to defend himself. Also, a lawyer undertook to help him, but failed to do so. The Court said at page 615, 69 S.Ct. at page 390:

> The undenied allegations already set out show that a citizen was stripped of his citizenship by his Government, without evidence, a hearing, or the benefit of counsel, at a time when his Government was then holding the citizen in jail with no reasonable opportunity for him effectively to defend his right to citizenship. Furthermore, the complaint in the denaturalization proceeding strongly indicates that the Government here is proceeding on inadequate facts, just as it did in the criminal cases it brought against petitioner. For if the Government had been able on a trial to prove no more than the particular facts it alleged in its denaturalization complaint, it is doubtful if its proof could have been held sufficient to revoke petitioner's citizenship under our holdings in *Baumgartner v. United States*, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; *Schneiderman v. United States*, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; *Knauer v. United States*, 328 U.S. 654, 659, 66 S.Ct. 1304, 1307, 90 L.Ed. 1500, and see Rule 9(b) of the Rules of Civil Procedure. And all petitioner has asked is that the default judgment be set aside so that for the first time he may defend on the merits. Certainly the undenied facts alleged justify setting aside the default judgment for that purpose. Petitioner is entitled to a fair trial. He has not had it. The Government makes no claim that he has. Fair hearings are in accord with elemental concepts of justice, and the language of the "other rea-

son" clause of 60(b) is broad enough to authorize the Court to set aside the default judgment and grant petitioner a fair hearing.

It was also contended in *Klapprott* that a one-year limitation barred him. The Court said that if no more than neglect was disclosed, the one-year limitation would control. The Court added, however, that the situation was extraordinary. There was far more than failure to defend because of inadvertence or indifference. The petitioner at the time of the default judgment, and before and after, was confined in jail without funds to hire a lawyer.

■ The lesson that is taught by *Klapprott* is that the Court in dealing with relief under subsection (6) of Rule 60(b) of the Rules of Civil Procedure is not limited to fact situations which would authorize relief under the common law writs of *coram nobis* and *audita querela*. The Court rejected any such circumscribed approach. The Court, as indicated in the quote from Professor Moore's treatise, is empowered to vacate judgments whenever such action is appropriate to accomplish justice. *See* 335 U.S. at 615, 69 S.Ct. 384. The context in which the Court's statement was made indicates that the case must be one of genuine substance. Thus it would not be controlled by a *subjective* view of equity and good conscience. However, it *might* well be controlled by an objective view that equity and good conscience demanded.

Our court in *Pierce v. Cook and Co., Inc.*, 518 F.2d 720 (10th Cir. 1975), applied Rule 60(b)(6) in a diversity suit in which a judgment denying relief had been entered but subsequently on the same issue the Supreme Court of Oklahoma had ruled oppositely. Applying the outcome determinative principle and the demands of justice, it granted relief.[2]

■ We recognize that the case at bar is of a different character than *Klapprott*. In that case the violation was of great magnitude. At the same time, there are similarities. In each case the person was deprived of a hearing. At bar we have a fact situation in which a judgment of dismissal was entered without giving notice to the plaintiff. The question immediately presents itself as to how the trial court can dismiss a plaintiff's lawsuit at the behest of the *defendant*. Since when has the defendant had the authority to obtain a dismissal *ex parte*? If the appellant had in truth consented to this dismissal, why did not appellee obtain his formal approval or that of his attorney? This ought to have been simple at the time of the entry of the Agrico judgment if, as Gulf maintains, the agreed cause was fully settled. The affidavit of Frank E. Hensley, attorney for appellant, which affidavit was furnished by Gulf as part of its supplemental record, states that he had advised Fleming that the suit against Gulf was maintained as a matter of tactics. Hensley said that Fleming consented to proceed upon that basis. He also said that Hensley informed the attorney for Gulf and the court on November 13, 1973 that the lawsuit against Gulf would be dismissed when the accounts dispute with Agrico was settled by the arbitration order. This does not say that Fleming agreed to the dismissal. We are convinced that he did not agree.

In sum, the appellant was not given a fair opportunity to be heard in his action against Gulf. That case was disposed of without notice and without legal authority. There is nothing in the record to show that the delay has changed anything or that the appellant should have discovered earlier what had happened to him. When this deprivation is viewed in connection with the efforts on the part of appellee to create a record rather than to merely supplement an existing record on appeal with documents which had been presented in the court, or which reflected the proceedings, we hold

---

**2.** *See also Collins v. City of Wichita, Kansas,* 254 F.2d 837, 839 (10th Cir. 1958). *Compare Caribou Four Corners, Inc. v. Truck Insurance Exchange,* 443 F.2d 796 (10th Cir. 1971), and *see Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538 (2d Cir. 1963); *Jackson v. Decker,* 451 F.2d 348 (5th Cir. 1971); and *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* 163 U.S.App.D.C. 140, 500 F.2d 808 (1974).

that the case is one in which relief must be granted.

It is therefore ordered that the dismissal order of February 7 be vacated and held for naught. The judgment denying appellant's request for relief is reversed with directions that the cause in the district court be reinstated for the purpose of trying the case on its merits.

■ Appellant has requested that if there is a remand that the case be assigned to another trial judge. Because of the particular history, including the positive participation of the trial judge, it is our view that he should not be asked to retry this case, so it is ordered that following the vacating of the judgment that this cause be assigned to another judge for trial.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LONNIE E. FLEMING,
d/b/a Gulf Farm Center,

 Plaintiff,

 v.

GULF OIL CORPORATION,
a corporation,

 Defendant.

No. Civ–72–708

### FINDINGS OF FACTS SURROUNDING FINAL DISPOSITION OF THE CASE

1. On or about December 18, 1973, a pretrial conference was called by the Court to be held at Oklahoma City for the purpose of receiving the award of arbitration in settlement of the controversy between the plaintiff and third party defendant Agrico Chemical Company. As the arbitrators advised the Court that they were not ready to submit their findings, the pretrial conference was set over until January 15, 1974.

The attorney representing Gulf Oil Corporation was not notified of the change and consequently he duly appeared at the pretrial conference scheduled for December 18, at which time the Court told the attorney for Gulf Oil Corporation that it would not be necessary for him to attend the pretrial conference scheduled to be held in January 1974 for the reason that the Court had been informed that when the arbitrators' award had been entered as a judgment in the third party action the case would be dismissed as against the defendant Gulf Oil Corporation. The attorney for the defendant Gulf Oil Corporation was further told that if anything developed at the pretrial conference to be held in January 1974 that was adverse to the defendant Gulf Oil Corporation's interest, the Court would not issue any orders until a hearing had been held at which the defendant Gulf Oil Corporation would be in attendance.

2. The Court was not advised at the January 15, 1974 pretrial conference by plaintiff, Lonnie E. Fleming, who was represented by two attorneys, that he was preserving any rights to proceed against Gulf Oil Corporation on any issue. The plaintiff did not inquire of the Court or inquire in the presence of the Court of the attorneys present at the hearing whether or not his payment of the judgment in favor of Agrico affected in any way his lawsuit against Gulf. He was given no assurance by the Court that such payment in no way affected his lawsuit against Gulf. All parties and the Court understood that the entire controversy including any claim against Gulf was disposed of by the Agrico judgment.

Dated this 9th day of March, 1977.

/s/ Stephen S. Chandler
UNITED STATES DISTRICT JUDGE