547 F.2d 921
 14 Fair Empl.Prac.Cas. 797,
13 Empl. Prac. Dec. P 11,546
Theodore R. SWAIN et al., Plaintiffs-Appellants,
v.
Martin R. HOFFMAN, as Secretary of the United States
Department of the Army, et al., Defendants-Appellees.
 No. 75-2002.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 28, 1977.
Motion for Clarification Granted May 6, 1977.
 
 U. W. Clemon, Birmingham, Ala., Barry Goldstein, Jack Greenberg, Charles S. Ralston, Melvyn R. Leventhal, Bill Lann Lee, New York City, for plaintiffs-appellants.
 Wayman G. Sherrer, U. S. Atty., Henry I. Frohsin, Asst. U. S. Atty., Birmingham, Ala., Robert E. Kopp, Appellate Sec., John K. Villa, Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 Appellants Swain, Jones, Roseman, and Keith filed suit in the United States District Court for the Northern District of Alabama, under amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and 42 U.S.C. § 1981, seeking relief both individually and on behalf of a class for alleged discrimination against blacks by the Anniston Army Depot. The district court granted summary judgment against appellants Jones, Roseman, and Keith for failure to exhaust administrative remedies. Summary judgment was granted against appellant Swain on the basis of his administrative record, and the court held that he could not maintain a class action on behalf of persons who had not exhausted the administrative process. The district court also rejected the contention of the N.A.A.C.P. Legal Defense Fund that its third party complaint would support the class action.
 
 
 2
 Essentially three issues are raised in this appeal: (1) whether the district court erred in granting summary judgment against appellants Jones, Roseman, and Keith for failure to exhaust their administrative remedies; (2) whether appellant Swain was entitled to de novo review of his claim under § 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; and (3) whether appellant Swain, who had exhausted his administrative remedies, should have been allowed to maintain a class action.
 
 I.
 
 3
 We are convinced that the district court acted properly in granting summary judgment against appellants Jones, Roseman, and Keith for failure to exhaust their administrative remedies. Jones and Keith never entered the administrative process, while Roseman filed an informal complaint with an EEOC counselor, which was resolved to his satisfaction.[1] It is clear that exhaustion of administrative remedies is a jurisdictional requirement in private sector Title VII cases. East v. Romine, Inc., 518 F.2d 332 (5 Cir. 1975). The administrative process in the federal sector is equally important, and we feel that exhaustion is required before a civil action may be brought pursuant to 42 U.S.C. § 2000e-16(c).[2] Penn v. Schlesinger, 497 F.2d 970 (5 Cir. 1974) (en banc), adopting 490 F.2d 700, 707-714 (5 Cir. 1973), cert. denied 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976).
 
 
 4
 Nor may these appellants maintain an action under 42 U.S.C. § 1981, since § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 provides the exclusive judicial remedy for claims of discrimination by federal employees. Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).
 
 II.
 
 5
 Appellant Swain contends that both § 717 and 42 U.S.C. § 1981 require plenary judicial proceedings in the district court and that it was improper to limit review of his claim to the administrative record.
 
 
 6
 The Supreme Court in Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), held that federal employees are entitled to the same right to a trial de novo of employment discrimination claims that private sector employees enjoy under Title VII. It was therefore improper for the district court to limit the scope of its review of Swain's Title VII claim to the administrative record.
 
 
 7
 On the other hand, the district court did not err in granting summary judgment against Swain on his claim based on § 1981, since § 717 provides the exclusive judicial remedy for claims of discrimination in the federal government. Brown v. General Services Administration, supra.
 
 III.
 
 8
 Appellants' final contention is that the district court erred in concluding that a class action could not be maintained under Fed.R.Civ.P. 23(b)(2). The same issue was raised in Eastland v. Tennessee Valley Authority, 547 F.2d 908 (5 Cir. 1977), and we held that class actions were permissible under the § 717. In our opinion in Eastland, we also held that it was not necessary for each member of the alleged class to exhaust administrative remedies. 547 F.2d at 915, citing Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5 Cir. 1968). Since " . . . it is generally agreed that exhaustion by at least one member of the class is a necessary prerequisite for a class action," Phillips v. Klassen, 163 U.S.App.D.C. 360, 502 F.2d 362, 369 (1974), and it is undisputed that appellant Swain obtained a final decision by the Department of the Army, which was not appealed to the Civil Service Commission, we hold that the district court's decision to grant summary judgment against appellants' class action was improper.[3]
 
 
 9
 In view of our holding that summary judgment against appellants' class action was improper, we find it unnecessary to address the contention of the N.A.A.C.P. Legal Defense Fund that its third party complaint should be allowed to support the class action.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 [1]
 This information appears in a sworn affidavit filed by Mr. Clarence Darrow Varner, Equal Employment Opportunity Officer for Anniston Army Depot. District Court Record at 231
 
 
 [2]
 We note, however, that an exception exists where there is a strong showing that irreparable harm will occur if the district court does not exercise jurisdiction. See, e. g., Parks v. Dunlop, 517 F.2d 785, 786 (5 Cir. 1975)
 
 
 [3]
 Of course, appellants may only maintain a class action under § 717 if the requirements of Fed.R.Civ.P. 23(a) and 23(b)(2) can be complied with
 Appellants Jones, Roseman, and Keith, while not standing as plaintiffs in their own right, may be treated as unnamed members of the class, if a certified class extends to cover their situations. After certification, and if these appellants fall within the represented class, they face the rules on intervention just as would any other unnamed member of the class. See Eastland v. TVA, supra, at n. 21, as modified, May 23, 1977, slip opinion page 3318.