Lillie Mae BROWN et al., Plaintiffs,

v.

James R. SCHLESINGER et al., Defendants.

Civ. A. No. 74–0202–R.

United States District Court, E. D. Virginia, Richmond Division.

June 29, 1977.

Henry L. Marsh, III, James E. Ghee, Louise A. Lerner, Hill, Tucker & Marsh, Richmond, Va., for plaintiffs.

Eliot Norman, Robert W. Jaspen, Asst. U. S. Attys., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This action, brought by black and female employees and applicants for employment at the Defense General Supply Center (hereinafter "DGSC") in Virginia, to redress alleged racially and sexually discriminatory employment practices by the Defense Supply Agency (hereinafter "DSA"), is before the Court on defendants' motion *in limine* and the plaintiffs' response thereto, and is now ripe for disposition.

The named defendants include the Secretary of Defense, DSA and DGSC. Jurisdiction is attained pursuant to 42 U.S.C. §§ 2000e–16 and 2000e–5.

Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), defendants have moved the Court to limit the issues at trial to discretionary practices and policies of DGSC or DSA; and to exclude from consideration claims that Civil Service Commission (CSC) standards, tests, and practices, which DGSC uses or administers, are invalid and discriminatory. Defendants contend that this Court lacks subject matter jurisdiction over the validity of CSC standards, tests and practices for two reasons: (1) Plaintiffs failed to exhaust their claims reference CSC standards by appealing to the Commission—the only agency able to grant administrative relief on such claims; and (2) Plaintiffs failed to amend their complaint to add CSC as a defendant.

The issues raised herein appear to be ones of first impression and none of the cases cited by the parties are precisely on point.

■ The jurisdictional basis for a Title VII action involving federal employees is provided by 42 U.S.C. § 2000e–16(c) (1972) which states, in pertinent part:

(c) Within thirty days of receipt of notice of final action . . . , or after one hundred eighty [180] days from the filing of the initial charge with the department, agency, or unit, or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action in his complaint, may file a civil action as provided in § 2000e–5 of this Title, in which civil action, *the head of the department, agency, or unit, as appropriate, shall be the defendant.* (Emphasis added).

The defendants contend that plaintiffs have failed to file an administrative complaint with the CSC, concerning its employment practices, as required by the Commission's regulations, set out in 5 C.F.R. 300.-104.[1] These regulations, so it is contended, establish two independent, co-equal regulatory procedures for processing complaints of discrimination; one for complaints concerning other agency practices [5 C.F.R. § 300.104(c)] and the other for complaints about CSC tests and standards [5 C.F.R. § 300.104(a)].

Under 5 C.F.R. § 300.104(c), an employee "files a complaint with an agency when he believes an employment practice . . . which is administered or required by the agency discriminates against him . . ." If the employee is not satisfied with the agency decision reference his complaint, he

---

1. These regulations were promulgated pursuant to 42 U.S.C. § 2000e–16(b), which provides that the Commission "shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibility . . . ."

may appeal to the CSC, which acts as an appellate body in reviewing the agency hearing and decision.

Under 5 C.F.R. § 300.104(a), an employee who believes that an employment practice "which is administered or required by the Commission" discriminates against him or her, he or she is "entitled to appeal to the Commission." Such direct access to the Commission for an investigation and a fact finding hearing is allegedly necessary in a challenge to CSC tests or standards since only the CSC has authority to formulate or alter the examination or standards governing federal personnel actions.

On the other hand, plaintiffs contend that they need not file a complaint directly with the CSC under C.F.R. § 300.104(a), which section merely affords a complainant an alternative administrative remedy, in that it speaks in terms of an entitlement, not a requirement, to appeal directly to the CSC.

The Court is satisfied that § 300.104(a) is an alternative, not a mandatory procedure, for an employee who alleges that a particular CSC test or standard is discriminatory.

5 C.F.R. § 300.101 sets out the purpose of Subpart A of 5 C.F.R. § 300 *et seq.* reference employment practices. That section states that "[f]or the purpose of this subpart, the term 'employment practices' includes the development and use of examinations, qualification standards, tests and other measurement instruments." Section 300.104(c) provides that an employee may file a complaint with an agency when he or she believes that "an employment practice which was applied to him *and which is administered or required by the agency* discriminates against him . . ." (Emphasis added). Thus, any CSC test or standard that is administered or required by DSA or DGSC is appropriately challenged by a complaint to either of those entities *or* by direct appeal to the CSC pursuant to § 300.104(a).

■ The defendants further contend that even if plaintiffs were entitled to challenge CSC tests or standards without a direct appeal to the Commission, they failed to specifically designate such test or standard as part of their administrative charges and have only recently, on the very eve of trial, raised such tests or standards as issues in the instant case. Defendants cite *Eastland v. TVA,* 547 F.2d 908, an opinion filed February 28, 1977, for the proposition that the only issues which may be raised in a class action of this nature are "those issues that were raised by the representative parties in their administrative complaints." However, since the filing of that opinion, the United States Court of Appeals for the Fifth Circuit on May 23, 1977 filed a per curiam opinion modifying the Court's opinion rendered on February 28, 1977. A reference to the citation at 547 F.2d 908 reflects that the opinion was withdrawn at the request of the Court. Subsequent thereto, the Court issued its ultimate opinion which is found in 533 F.2d 364 and the Court therein, at 372, modified the quotation heretofore referred to to read "the only issues that may be raised are those issues that were raised by representative parties in their administrative complaints, *together with those issues that may reasonably be expected to grow out of the administrative investigation of their claims . . .*" (emphasis added).

Since the CSC standards and practices could reasonably have been expected to grow out of plaintiffs' administrative complaints, the failure to specify such standards or practices in their complaints does not constitute a failure to administratively exhaust those claims. While plaintiffs did not alleged discriminatory tests or standards in their original complaint, filed May 6, 1974, they did include in their answers to defendants' first interrogatories filed January 14, 1976, complaints concerning: (1) the use of tests for determining hiring and promotions for applicants and employees which have no relation to a person's ability to perform a particular job; (2) the use of educational requirements which have no relation to a person's ability to perform a particular job; and (3) the use of time-in-grade requirements in the context of past hiring and assignment discrimination.

Defendants' final contention is that CSC is an indispensable party to this action and that plaintiffs' failure to name the CSC as a defendant deprives this Court of jurisdiction over claims regarding CSC tests or standards. However, 42 U.S.C. § 2000e–16(c) specifically provides that in a civil action brought under Title VII "the head of the department, agency, or unit, as appropriate, shall be the defendant." The statutory language, as well as the case law, support the finding that Congress intended the employing department, agency, or unit to be the defendant in suits brought under 42 U.S.C. § 2000e–16. *See, e. g., Hunt v. Schlesinger,* 389 F.Supp. 725, 728 (W.D. Tenn.1974); *Henderson v. Defense Contract Administration Services Legion,* 370 F.Supp. 180, 183 (S.D.N.Y.1973). Although neither of those cases involve challenges to CSC standards or tests, the Court is of the view that the employing unit or agency which "administers" or "requires" such tests or standards, drawing from the language of 5 C.F.R. § 300.104(c), is the appropriate defendant.[2] While it may be factual that only the CSC can formulate new standards or alter existing ones governing federal personnel actions, this Court is empowered to order declaratory and injunctive relief with respect to these defendants should such relief be deemed appropriate.

An appropriate order will issue.

---

**2.** This is not to suggest that the CSC may *not* be named as an additional appropriate defendant. Additionally, the district court has the discretionary power to remand certain issues for determination by the Commission, should it appear in the interest of sound judicial economy and administration to so do. *See, e. g., Douglas v. Hampton,* 168 U.S.App.D.C. 62, 512 F.2d 976, 988–990 (1975).