Billy H. ROZIER, on behalf of himself and all others similarly situated, Plaintiff,

v.

Richard A. ROUDEBUSH, Individually and in his official capacity as Director of the Veterans Administration, Harold O. Duncan, Individually and in his official capacity as Center Director and Chief Equal Employment Opportunity Officer of Veterans Administration Center, Dublin, Georgia, Robert Hampton, Individually and in his official capacity as Chairman of the United States Civil Service Commission, Ludwig U. Andolsek, Individually and in his official capacity as Commissioner of the United States Civil Service Commission, Georginia Sheldon, Individually and in her official capacity as Commissioner of the United States Civil Service Commission, and their successors in office, Defendants.

No. CV376–17.

United States District Court,
S. D. Georgia,
Dublin Division.

Oct. 28, 1977.

On De Novo Hearing Jan. 3, 1978.

Bernice Turner, Macon, Ga., for plaintiff.

Kenneth C. Etheridge, Asst. U. S. Atty., Savannah, Ga., for defendants.

ORDER ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

LAWRENCE, District Judge.

Effective August 29, 1975 the plaintiff, a black male, was discharged as a Nursing Assistant at the Veterans Administration Center at Dublin, Georgia, where he had worked since March, 1970. The basis of his termination was the alleged abuse of patients by Mr. Rozier.

On July 11, 1976, plaintiff brought the present federal court action seeking individual as well as class relief. He alleges that he was discharged because of his race and

seeks declaratory and injunctive relief against the defendants because of racial discrimination in various practices and policies at the Center. Rozier prays for reinstatement in the position he held and back-pay for himself and for the class of blacks he seeks to represent.

## I

### Preliminary Comments

Plaintiff's action is brought pursuant to the Civil Rights Act of 1964 as amended in 1972. Section 717(c) of the Amendment provides that within thirty days of receipt of notice of final action by a department or agency or by the Civil Service Commission upon appeal from a decision or order on a complaint of discrimination by race, color, sex, religion or national origin by a Government department or agency, an aggrieved employee may file a civil action in a federal district court. See 42 U.S.C. § 2000e–16(c).[1]

The defendants have moved for dismissal or in the alternative for summary judgment. Oral argument on the motion was had at Dublin on June 6, 1977, and additional briefs have been filed since that time.

The Government's position largely turns on the alleged failure of plaintiff to comply with the Civil Service regulation requiring that a complaint to an agency may be accepted only if, within 30 days after the alleged act of discrimination or adverse personnel action occurs, complainant has brought same "to the attention of the Equal Employment Opportunity Counselor." 5 C.F.R. § 713.214.

The Government contends that Rozier did not exhaust his administrative remedies which, under Section 717(c), is a prerequisite to bringing an action in this Court. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402; *Penn v. Schlesinger*, 497 F.2d 970 (5th Cir.); *Swain v. Hoffman*, 547 F.2d 921 (5th Cir.). Failure to bring the discrimination complaint to the attention of the EEO Counselor within the time prescribed by 5 C.F.R. § 713.214(a)(1)(i) does not satisfy the exhaustion doctrine established by the Supreme Court in *Brown*. *Ettinger v. Johnson*, 518 F.2d 648 (3rd Cir.); *Henry v. Schlesinger*, 407 F.Supp. 1179 (E.D., Pa.); *Spears v. Veterans Administration Hospital, et al.*, (Civ.No. 76–0031–GT, 9/14/76, S.D.Cal.).

Rozier contends that he was "prevented by circumstances beyond his control from submitting the matter within the time limits" and that the agency was required to extend the time limit for counselling with the EEO Counselor as provided in 5 C.F.R. § 713.214(4).

## II

### Administrative Background

This case is a bureaucratic *cauchemar*. The record runs to several hundred pages. The greater part is composed of lengthy exhibits, including VA investigations, a full-scale appellate hearing, decisions on the administrative level and the two separate appeals before separate review appellate agencies of the Civil Service Commission.

■ All of these proceedings on the administrative level are lost endeavor under the Civil Rights Act as amended in 1972. Where racial discrimination is claimed, Section 717 gives the complaining federal employee the right of a trial *de novo* in a district court. *Chandler v. Roudebush, Administrator of Veterans Affairs*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416. Such right includes a *de novo* judicial reexamination of the issue as to timely EEO counselling and the question of excusability of non-compliance with the requirement to contact an EEO Counselor within thirty days after the alleged act of discrimination. See *Henry v. Schlesinger, supra*, 407 F.Supp. at 1184; *Ettinger v. Johnson, supra*, 518 F.2d at 652 and same case on remand, 410 F.Supp. 519 (E.D., Pa.).

---

1. "The bill adds a new section 717 (section 11 of the bill) which, in paragraphs (a) and (b), gives the Equal Employment Opportunity Commission the authority to enforce the obligations of the equal employment opportunity in Federal employment." House Report No. 92–238, 2 *U.S. Code Congressional and Administrative News* (1972), pp. 2137, 2157.

I attempt below to outline the background of this litigation before it reached this Court.

(a) The lengthy and very complex administrative procedures in this case apparently began in November, 1973. They had their inception in rumors, complaints or reports that Rozier mistreated patients.[2] The Chief of Staff of the VA Center at Dublin looked into the matter but found no one willing to talk. The rumors resurfaced in August or September, 1974.[3] A thorough investigation of the alleged offense was undertaken. It was carried on during the fall of that year by a Special Investigator of the Central Office of VA. See Investigative Report, Gov't. Ex. B, pp. 157–231 (and exhibits thereto); Gov't. Ex. C, pp. 15–16.

(b) By letter delivered to Rozier on May 12, 1975, he was given advance notice of his proposed removal. On August 15, 1975, he was formally notified of the decision to remove him from employment effective August 29, 1975, for the reasons stated in the notice of proposed removal. The employee was informed of his right of appeal to the Federal Employee Appeals Authority, Atlanta.[4]

(c) After Rozier had been informed of his proposed discharge, he filed (June 19, 1975) a charge of "Discrimination and Complaint" against the Nursing Service at Dublin. On August 28, 1975, he withdrew same. Gov't. Ex. B, p. 90; Gov't Ex. A, pp. 26–27. The following day (the effective date of his termination) plaintiff filed a formal "Complaint of Discrimination" with the VA Center, complaining of discrimination against himself and black employees in policies involving recruiting, hiring, summer programs, testing job classifications, salaried and managerial positions. He sought reinstatement with backpay and investigation and changes in policies as to blacks. Gov't. Ex. B, p. 90. In the EEO complaint Rozier alleged that he had been discharged for racial reasons.

(d) Plaintiff filed an "adverse action" appeal pursuant to 5 C.F.R. § 752.5. When the Appeals Officer of the Federal Employee Appeals Authority who was handling the adverse action appeal (752–B, Civil Service Regulations) learned that there was an EEO complaint alleging that complainant had been terminated for racial reasons, he informed plaintiff's counsel that her client must elect between the two appeals procedures.[5] On October 13, 1975, counsel replied that the complainant wished to proceed under the adverse action appeal.

---

**2.** "It is a fundamental and closely guarded policy of the VA that no patient is to mistreated or abused in any way, physically or verbally, by any employee. Inquiry or investigation will be conducted" in such instances. The administrative penalty action for patient abuse is removal although lesser penalties may be imposed. Gov't. Ex. C, p. 92.

**3.** Gov't. Ex. C, pp. 14, 17–18.

**4.** Gov't. Ex. B, pp. 136, 263.

**5.** On October 6, 1975, the FEAA Appeals Officer informed plaintiff's counsel as follows (Gov't. Ex. B, p. 94):

"If Mr. Rozier is alleging racial discrimination in connection with his removal he must make a choice. He can proceed through the Equal Employment Opportunity complaint process under Part 713 of the Civil Service Regulations. After counseling and an investigation, Mr. Rozier will be given the opportunity to request a hearing. This hearing will be conducted by a complaints examiner designated by the Civil Service Commission. The complaints examiner will consider both the procedures and the merits of the removal action. Thereafter the head of the agency will issue the agency's final decision. If Mr. Rozier is dissatisfied with the agency decision, he can then file an appeal with the Appeals Review Board, U.S. Civil Service Commission, Washington, D.C.

"The second alternative is to proceed with your adverse action appeal under Part 752–B of the Civil Service Regulations. In connection with such an appeal which is filed directly with this office, the issue of discrimination, as it concerns the removal action only, will be resolved. Initially, the agency will be directed to conduct an investigation into the discrimination claims concerning the removal and to send a copy of the investigative report to this office. At that time, the discrimination issue as well as the procedures and merits of the action, will be considered and a decision issued. A hearing, if one is requested, will be conducted prior to the issuance of a decision. This decision is final and fully exhausts an employee's administrative remedies." Gov't. Ex. B, p. 94.

Gov't. Ex. B, pp. 93–95. It governs removals and suspensions other than those arising from discrimination based on race, color, sex, religion or national origin. A claim of discriminatory discharge can also be the subject of an adverse action appeal. But a complainant cannot travel the EEO and the 752–B appellate avenues at the same time. 5 C.F.R. §§ 713.231(b); 713.236. The Government contends that Rozier deliberately chose to pursue his right of appeal through FEAA rather than the Appeals Review Board under § 713.

(e) On November 13, 1975, Rozier was informed by the Office of General Counsel, Veterans Administration, that the statute and regulations require an aggrieved employee to contact an EEO Counselor within 30 days of the alleged discriminatory act. Because the evidence showed that he had not brought the matter to the attention of the Counselor within such period, the discrimination complaint was dismissed. Gov't. Ex. A, pp. 25–26. From that ruling Mr. Rozier appealed to the Civil Service Appeals Board.

(f) On or about November 18, 1975, an extensive evidentiary hearing was held before an Appeals Officer of the Civil Service Commission in the matter of the adverse action appeal. The primary issue was Rozier's removal as Nursing Assistant on the basis of patient abuse. However, the contention that it was racially motivated was also in issue. The Appeals Officer so framed the issue before him. Rozier's attorney concurred. Gov't. Ex. C, pp. 1–2. Five witnesses testified. Mr. Rozier's counsel repeatedly injected the claim of a racial basis for the discharge, namely, the theory that Rozier's militancy and his leadership of black employees at the Center were the real causes of his termination. See Gov't. Ex. C, pp. 8, 10, 35–36, 72–74, 89.

(g) On December 30, 1975, the Appeals Authority of the Civil Service Commission rendered a decision in the adverse action appeal affirming the removal of Rozier. The Appeals Officer concluded that the

"reasons for the action are supported by a preponderance of the evidence; that the removal action was for such cause as will promote the efficiency of the service; that there is no evidence to support the allegation that the removal was due to discrimination against the appellant because of his race; and that the removal was not arbitrary, unreasonable, or capricious." Gov't. Ex. A, pp. 2–10.[6] The decision dealt with the matter of racial discrimination both as related to Rozier and generally at the VA Center.

(h) I mentioned earlier that on November 13, 1975, the Central Office of VA ruled that the racial discrimination claim could not be entertained due to the failure to bring the complaint to the attention of the EEO Counselor within thirty days after the act complained of. On November 28, 1975, plaintiff appealed from the decision of the Veterans Administration dated November 13th. His notice of appeal to the Appeals Review Board was filed by the complainant for himself and on behalf of the class of blacks employed at the Center at the time of his discrimination complaint and those who may be employed in the future. Gov't. Ex. A, pp. 21–24.

(i) On June 7, 1976, the Appeals Review Board of the Civil Service Commission affirmed the agency's ruling of November 13, 1975. I quote extensively from the decision (Gov't. Ex. A, pp. 2–4):

"The record shows that by letter of September 18, 1975, the complainant was advised that he must first contact an EEO Counselor so that counseling could be accomplished in connection with his complaint of August 29, 1975. However, on October 9, 1975, the agency checked with the Counselors and established that complainant had not contacted them about the matters cited in his formal complaint.

"As part of the appeal to the Board, complainant alleges that he had attempted to contact Mr. Robert A. Willis, EEO Officer, about his August 29, 1975, com-

---

**6.** The decision of the Federal Employee Appeals Authority is final insofar as further administrative appeal is concerned. 5 C.F.R. § 772.309(b).

plaint on a number of occasions beginning Monday, September 1, 1975, extending through September 30, 1975. He further alleges that being unable to reach Mr. Willis, he left messages with a Mrs. Arlene Martin to have Mr. Willis return his calls. He also alleges that on October 9, 1975, he finally got in touch with Mr. Willis and later met with him and discussed his complaint.

"The Board has carefully considered the representations which have been submitted on appeal. The issue of timeliness must be resolved in the light of section 713.214 of the Equal Opportunity Regulations which provides that the agency may accept the complaint for processing only if the complainant brought to the attention of the EEO Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of its effective date. That section also provides that the agency shall extend the time limits when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits.

"While the Board does not dispute the complainant's efforts to contact the EEO Officer, the record shows that complainant was informed by the agency on September 18, 1975, that he must contact an EEO Counselor concerning his formal complaint of August 29, 1975, and that he had not contacted a Counselor when the agency checked on October 8, 1975. In addition, since the record shows that complainant had filed a previous complaint with the agency under date of June 19, 1975, which was subsequently cancelled by the complainant after the agency issued its proposed disposition, the com-

plainant must be charged with the awareness of the time limits in the processing of a complaint of discrimination and that an EEO Counselor must be contacted. Therefore, the Board finds that complainant failed to exercise reasonable diligence in contacting the EEO Counselor."

Following that ruling, the present action was filed in the Middle District of Georgia within the thirty day period required by Section 717 of the Civil Rights Act. It was transferred by Judge Owens to the Dublin Division of the Southern District of Georgia under 28 U.S.C. § 1406 on July 16, 1976.

### III

### *The Election Issue*

In answer to the Government's contentions, plaintiff's counsel argues that in her reply of October 13, 1977, to the FEAA's requirement of an election between the two appellate procedures she "did not request a hearing on the issue of whether Billy Rozier's removal was based upon racial discrimination." It is contended that the FEAA was determined to raise and that it was the party which raised the discrimination issue in the adverse action appeal. Plaintiff says that the only appeal before this Court involves the decision of the Civil Service Commission Appeals Review Board of June 7, 1976, affirming the dismissal on November 13, 1975 of the complaint of racially discriminatory discharge filed with the VA on August 29, 1975.

The Government position is that Rozier initiated both EEO and adverse action appeals as to discriminatory discharge and deliberately chose to take the adverse action route. As a result, there was a lengthy evidentiary hearing pursuant to § 752–B. The decision included a ruling on the racial discrimination claim.[7]

---

7. The Appeals Review Board in its decision of June 7, 1976, stated in connection with the election question:

"With regard to the part of the agency decision that complainant had made an election to process his formal complaint under part 752 of the Civil Service regulations as an adverse action, the Board notes the fact that the com-

plainant's appeal (under part 752 of the Commission's regulations) of his termination included the related allegation of discrimination based on race, and was adjudicated by the Federal Employee Appeals Authority's Atlanta Field Office in a decision issued December 30, 1975. In these circumstances, the Board finds that agency could properly have cancelled his

While both decisions by the Civil Service Commission would have been subject to *de novo* judicial examination, only one of them is before the Court. It is the appeal from the ruling by the Central Office of VA on November 13, 1975, which was affirmed on appeal by the Federal Employee Appeals Authority on December 30, 1975. That decision was a final one. No action in the district court under § 717 could be brought more than thirty days from such final decision.

The Government further contends that the District Court is without jurisdiction over the appeal in which the Appeals Review Board on June 7, 1976, affirmed the discharge of plaintiff because of non-exhaustion of the EEO counselling requirement.

Perplexing questions of election of remedies and administrative estoppel by prior decision are involved. I prefer not to rule on that aspect of the case as a matter of law, at least at this time.

Before leaving this subject, I refer to another problem. The ruling of FEAA that Rozier was discharged with cause as a result of patient abuse is not before me and no jurisdiction exists in that respect. The issue would appear to be *res judicata* of any issue as to cause for discharge independent of the racial discrimination issue. Assuming that the racial discrimination claim is properly before this Court for *de novo* determination, where do we stand with regard to the trial of that issue in the light of the administrative ruling that there was good cause for discharge because of patient abuse? I merely identify the problem. We may not have to face it.

## IV

### The Exhaustion Issue

The problems referred to above will not confront us if plaintiff failed to exhaust his administrative remedies. This Court would lack jurisdiction in that event. Was the failure to bring the matter to the attention of a Counselor within thirty days the result of circumstances beyond Rozier's control so as to require the agency to extend the time limit under 5 C.F.R. § 713–213(4)?

Plaintiff maintains that he made repeated telephone calls to the office between September 4th and September 30th, 1975. He left messages for the Counselor who, he says, never returned the calls. Gov't. Ex. A, pp. 17–19.[8] On the other hand, the VA investigation indicates that there were two Counselors and that during the thirty day period in question one of them was away and the one on duty was not approached by Rozier. Gov't. Ex. A, p. 35. The record shows that during the thirty day period Rozier was informed in writing (9/18/75) that he must promptly discuss the matter with a Counselor. Gov't. Ex. A, p. 34.

Under the circumstances, excusability is a question of fact which must be decided by this Court anew and independently of the administrative finding in that respect. See *Ettinger v. Johnson, supra,* 518 F.2d 648 and citations on page 863 of this Order. That issue cannot be resolved as a matter of law.

## V

### The Class Action Feature

By letter dated August 28, 1975, Rozier appealed from his discharge as Nursing Assistant predicated on the charge of patient abuse. Subsequently, he submitted representations in connection with his Adverse Action Appeal (752–B) in the form of the EEO investigation of the discrimination complaint filed by him (and later dismissed) on June 19, 1975. Gov't. Ex. B, pp. 37–41. In the dismissed complaint Rozier claimed that his proposed removal was based on racial discrimination. His FEAA appeal did not seek class action relief.

complaint herein under section 713. 236 of the Civil Service regulations because of such election."

8. In the notice of appeal filed by plaintiff following the dismissal of the complaint filed on August 29, 1975, he contended that he "contacted" the EEO Counselor and was informed that counselling was unnecessary and could be had a year after the filing of the original charge.

In the EEO complaint that Rozier filed with VA on August 29, 1975, he complained that the Veterans Hospital at Dublin discharged him on account of his race and is "against me and against all black employees." He requested an investigation of the subject; reinstatement with backpay, and changes in the Veterans Administration System in respect to black employees. In appealing to the Appeals Review Board from the dismissal of such complaint by the VA Central Office on November 13, 1975, Rozier sought reinstatement and excepted to the refusal to "grant class wide relief." Gov't. Ex. A, pp. 22–23, 37.

Effective April 18, 1977, regulations have been adopted by the Civil Service Commission in connection with administrative processing of class complaints of discrimination. See 5 C.F.R. § 713.601–643. The right of complaint on behalf of a class existed in substance prior thereto by virtue of the "Third party allegations of discrimination" provision of the Civil Service Regulations. 5 C.F.R. § 713.251. The complaint in the racial discrimination claim and the matters complained of on appeal are in the nature of a class action and would be cognizable as such under the Civil Service Regulations as they existed at the time of the alleged racial discrimination at the VA Center.

■ In any event, class action relief is sought in the present suit in this Court. A class action can be engrafted upon a suit for discrimination brought in the district court under Section 717 of the Civil Rights Act. *Eastland v. Tennessee Valley Authority,* 547 F.2d 908 (5th Cir.); opinion withdrawn and republished, without disturbance of a holding to that effect, in 5 Cir., 553 F.2d 364. See also *Sylvester v. U. S. Postal Service et al.,* 393 F.Supp. 1334 (S.D.Texas), holding that failure of federal employees to bring an employment discrimination action as a class action before the Civil Service Commission did not preclude such relief in the district court.

The Government contends in its brief that the prerequisites of Rule 23 are not and cannot be satisfied in the present case. But how do I know without more information and development of relevant facts relating to maintenance of a class action, definition of a class and determining whether plaintiff is a proper representative thereof? A hearing on these matters is appropriate, if not essential. See *Jones v. Diamond,* 519 F.2d 1090, 1099 (5th Cir.).

■ This Court cannot determine at this point the class action features of the case. In the first place, such an action cannot be maintained unless plaintiff is entitled to proceed in the district court under Section 717. If Mr. Rozier did not exhaust his administrative remedies, he is out of court and with him goes the right to maintain a class action. While that right is concomitant to the *de novo* proceeding in the district court (*Eastland v. Tennessee Valley Authority, supra,* 553 F.2d at 372), at least one member of the proposed class must have exhausted his administrative remedies. *Swain v. Hoffman, supra,* 547 F.2d at 924.

Plaintiff has moved this Court to enter an order certifying that the case may be entertained as a class action pursuant to Rule 23(a) and (b)(2) and defining the class. In the light of what has been said above, ruling thereon is deferred. This Court rejects the contention of the Government that, as a matter of law, class relief is not appropriate in this case.

VI

*The Matter of Proper Parties*

In addition to Richard A. Roudebush who is sued as Director of the Veterans Administration and individually (that office is now held by Max Cleland), plaintiff has named as defendants the Director of the VA Center at Dublin; the Chairman of the United States Civil Service Commission; and two Commissioners of the Civil Service Commission.

■ The Government has moved to dismiss all of the defendants as parties except the Director of the Veterans Administration. Under Section 717(c), "the head of the department, agency, or unit, as appro-

priate, shall be the defendant." The only proper defendant in cases brought under 42 U.S.C. § 2000e–16(c) is the head of the involved agency. *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 520 F.2d 108; *Jones v. Brennan*, 401 F.Supp. 622 (N.D., Ga.); *Royal v. Bergland*, 428 F.Supp. 75 (D.D.C.).[9] This firmly established rule becomes a little clouded when there is a class action aspect of the Section 717(c) case. Here the complaint alleges that the various defendants (other than the Director of the Veterans Administration) are responsible for the employment practices at the VA Center, Dublin.

Under the circumstances, this Court perceives no compelling reason to decide at this point whether certain defendants are proper parties to the action. Decision thereon is reserved. However, none of such defendants are suable in his individual capacity under Section 717(c). As to personal jurisdiction and venue see 28 U.S.C. § 1391.

### ORDER

1. The defendants' motion to dismiss or, alternatively, for summary judgment is denied.

2. A *de novo* evidentiary hearing will be held in Dublin during December. It will be confined to the following factual issues:

   (a) whether the non-compliance with 5 C.F.R. § 713.214(a) which provides that complainant shall bring the matter to "the attention of the Equal Employment Opportunity Counselor . . . within 30 calendar days" was excusable under the exceptions set forth in the Regulation.

   (b) whether the removal of the plaintiff from employment as Nursing Assistant at the VA Center on August 29, 1975, was motivated by and the result of racial discrimination.

In connection with the evidentiary hearing, counsel will keep in mind the following excerpt from *Chandler v. Roudebush, supra:*

"Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo*. See Fed.Rule Evid. 803(8)(C). Cf. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n.21, 94 S.Ct. 1011, 39 L.Ed.2d 147. Moreover, it can be expected that, in the light of the prior administrative proceedings, many potential issues can be eliminated by stipulation or in the course of pretrial proceedings in the District Court." 425 U.S. at 863, n.39, 96 S.Ct. at 1961.

3. Decision is reserved in respect to the issue of whether the election of the plaintiff to proceed with his adverse action appeal under Part 752–B of the Civil Service Regulations mooted, foreclosed or cancelled his appeal which was filed with the Civil Service Appeals Board pursuant to 5 C.F.R. § 713.231 *et seq*. That question will be discussed at the evidentiary hearing.

4. Decision is reserved for the present as to whether or not certain named defendants are proper parties to this case.

5. No determination is made at this time as to whether a class action is maintainable in this case under Rule 23 or as to the definition of any class. That matter will be handled, if necessary, following the *de novo* evidentiary hearing provided for in paragraph 2 of this Order. So much of the defendants' motion to dismiss which is addressed to the class action feature as well as plaintiff's motion that the Court certify that the case be maintained as a class action are overruled, for the time being.

### RULING AFTER DE NOVO HEARING

On August 15, 1975, Billy H. Rozier was discharged as a Nursing Assistant at the Veterans Administration Center at Dublin. The ground of removal was "patient abuse."

In my Order overruling defendants' motion for summary judgment, dated October 28, 1977, this Court said:

---

**9.** The head of the federal department involved cannot be sued except in his or her official (not individual) capacity. *Keeler v. Hills*, 408 F.Supp. 386 (N.D., Ga.). See also *Gaballah v. Roudebush*, 421 F.Supp. 475, 480 n.3 (N.D., Ill.).

"A *de novo* evidentiary hearing will be held in Dublin during December. It will be confined to the following factual issues:

"(a) whether the non-compliance with 5 C.F.R. § 713.214(a) which provides that complainant shall bring the matter to 'the attention of the Equal Employment Opportunity Counselor . . . within 30 calendar days' was excusable under the exceptions set forth in the Regulation.

"(b) Whether the removal of the plaintiff from employment as Nursing Assistant at the VA Center on August 29, 1975, was motivated by and the result of racial discrimination."

On October 27th notice was sent to counsel that the case had been assigned for trial at Dublin on December 14th and notice thereof given to the parties. Plaintiff's counsel moved orally for a continuance. It was denied. On December 9th plaintiff's attorney requested the Clerk to furnish three subpoenas for service "in the Rozier case which is scheduled for trial on Wednesday, December 14, 1977." On December 12, 1977, plaintiff filed a written motion for a continuance. The grounds were that the defendants had not completely answered plaintiff's first interrogatories or provided sufficient information to compile historical data in support of the case. The formal motion for continuance was orally denied and plaintiff's counsel informed thereof.

Neither plaintiff nor his counsel showed up at the hearing on December 14th. Upon the call of the case, counsel for the defendants announced "ready." The Court proceeded to hear testimony from nine witnesses. They were: Dr. Edgar L. Maddry, former Chief of Staff of the Veterans Administration Center at Dublin; Robert A. Willis, EEO Counselor, VA Center; Edward L. Carroll, formerly an investigator of VA; Harold O. Duncan, Director, VA Center; Dr. Odis G. Kendrick, Jr., a patient at the Center; Chester J. Grajko, EEO Investigator; Mrs. Betty G. Steptoe, a practical nurse, VA Center at Dublin; Ira Harrison, Appeals Officer, Federal Employee Appeals Authority, Atlanta, and Ira V. Thigpen, former nursing assistant, VA Center. Defendants introduced in evidence the voluminous VA records connected with the investigation and the administrative proceedings in Rozier's case extending over a period of more than two and one-half years.[1]

At the conclusion of the hearing, this Court announced oral findings of fact and conclusions of law. It now formalizes same.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Independently of the administrative findings and considering the matter *de novo*, this Court finds:

### I

■ (a) That the charge of patient abuse is supported by the evidence presented by the defendants at the evidentiary hearing before this Court. Testimony was offered by eyewitnesses as well as by VA investigators as to abuse of patients by the employee on several occasions. The termination of his employment as a Nursing Assistant was justified by reason of such conduct.[2]

(b) The discharge of Mr. Rozier was based on patient abuse and was not the result of or motivated in any way by racial discrimination or prejudice.

### II

In connection with Rozier's discharge as a Nursing Assistant at the VA facility in Dublin, Mr. Rozier took two routes—namely, an EEO complaint that he was removed from the position as the result of racial discrimination (5 C.F.R. § 713) and an ad-

---

1. The practice was approved in *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39, 96 S.Ct. 1949, 48 L.Ed.2d 416.

2. "It is a fundamental and closely guarded policy of the VA that no patient is to be mistreated or abused in any way, physically or verbally, by any employee. Inquiry or investigation will be conducted" in such instances. The administrative penalty action for patient abuse is removal although lesser penalties may be imposed. Gov't. Ex. C, p. 92 of the administrative record.

verse action appeal (§ 752B) based on reasons other than race, sex or religion. He was required by the Regulations to elect between the two administrative remedies referred to and deliberately chose to pursue an appeal through the FEAA as an adverse appeal before FEAA rather than the Appeals Review Board.

On November 18, 1975, a full hearing was held before an Appeals Officer of the Civil Service Commission. On December 30th of that year it upheld the removal of Mr. Rozier. That decision was final insofar as administrative review is concerned. 5 C.F.R. § 772.309(b). The Commission ruled that the "reasons for the action are supported by a preponderance of the evidence; that the removal action was for such cause as will promote the efficiency of the service; that there is no evidence to support the allegation that the removal was due to discrimination against the appellant because of his race; and that the removal was not arbitrary, unreasonable, or capricious."

Under the Regulations of the Civil Service Commission, an agency may accept a complaint involving discrimination only if the complainant brings the matter to the attention of an EEO Counselor within 30 days of the discriminatory act as to which he complains. Such time limit may be extended when the employee is unaware of the limitation or is prevented from filing same by reasons beyond his control. 5 C.F.R. §§ 713.214(a)(1)(i); (a)(4).

Rozier was fully aware of the limitation. However, he claimed that his telephone calls to the Counselor and Counselor's office went unanswered. In the Order of this Court of October 28th I said: "Under the circumstances, excusability is a question of fact which must be decided by this Court anew and independently of the administrative finding in that respect." At the hearing before me in Dublin on December 14th, 1977, evidence was presented by the defendants to the effect that the EEO Counselor, Robert A. Willis, was in the city throughout the 30-day period and that the alleged discriminatory act against Mr. Rozier was not reported to him. This Court so finds.

Apart from the merits of the issue of discriminatory discharge (which I have resolved against the plaintiff), the latter had no standing due to his failure to bring the matter to the attention of an EEO counselor within the required 30 day period. The Office of General Counsel, Veterans Administration, was correct in dismissing the charge of discrimination because of non-compliance with the jurisdictional requisite of exhaustion of administrative remedies. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402.

### III

Along with his claim of discriminatory discharge, Mr. Rozier seeks to represent a class of black employees and black applicants for employment at the Center. The claim of racial discrimination is of the alpha-omega variety. See paragraphs V, D, E and F of the complaint.

The matter of certification of a class and appropriate representation was designated as one of the items for consideration by this Court at the hearing on December 14th last. Under Rule 23, a single plaintiff may represent a class. *Aboudi v. Daroff,* 65 F.R.D. 388 (S.D., N.Y.); *Wolfson v. Solomon,* 54 F.R.D. 584 (S.D., N.Y.). The proposed representative does not have to show that he will prevail in his individual complaint. *Huff v. N.D. Cass Company of Alabama,* 468 F.2d 172 (5th Cir.); adhered to *en banc* 485 F.2d 710; *Satterwhite v. City of Greenville, Texas,* 549 F.2d 347 (5th Cir.). Courts should carefully scrutinize the adequacy of representation in class actions. *Rutledge v. Electric Hose & Rubber Company,* 511 F.2d 668 (9th Cir.); *In the Matter of Goldchip Funding Company,* 61 F.R.D. 592 (M.D., Pa.). The court must weigh the "actual qualifications and experience of the self-selected champion for the proposed class." *Jeffrey v. Malcolm,* 353 F.Supp. 395, 397 (S.D., N.Y.). The issue of adequacy is generally one of fact to be resolved by the trial court. *Flores v. Kelley,* 61 F.R.D. 442 (N.D., Ind.). The burden of proof as to

demonstrating adequate representation of a class is on the plaintiff. *Predmore v. Allen,* 407 F.Supp. 1053 (D.Md.); *Weisman v. M C A Inc.,* 45 F.R.D. 258 (D.Del.).

■ The facts before this Court do not support a finding that the plaintiff will adequately represent the proposed class and class relief is denied.

### IV

■ In its Order dated October 28, 1977, this Court reserved decision as to whether the defendants named other than the Director of the Veterans Administration are proper parties. Title 42 U.S.C. § 2000e–16(c) provides that "the head of the department, agency, or unit, as appropriate, shall be the defendant." That officer is the only proper defendant in Rozier's claims that his discharge was racially motivated and the termination of his employment unjustified. As to that aspect of the case, none of the named defendants except the Director of the Veterans Administration in his official capacity is a proper party to that phase of the case and the complaint is dismissed as to them. See *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 520 F.2d 108; *Jones v. Brennan,* 401 F.Supp. 622 (N.D., Ga.).

### ORDER

On the basis of the Findings of Fact and Conclusions of Law contained herein, final judgment will be entered in favor of the Director of the Veterans Administration as to the claims of racially discriminatory and wrongful discharge. The class action feature of the complaint and the prayers for injunctive relief are denied.